# Case No. 2,503.

## CASSELS v. VERNON.

[5 Mason, 332.] [1]

Circuit Court, D. Rhode Island.    June Term, 1829.

MARRIED WOMAN — ADMINISTRATION TO HUSBAND WITH WILL ANNEXED — JURISDICTION OF PROBATE COURT — CONCLUSIVENESS—ACCOUNTING—INTEREST AGAINST TRUSTEE.

1. The grant of administration to a husband on his wife's estate with the will annexed, by a probate court. is conclusive to establish her right to make the will, for the general jurisdiction includes the right to inquire into this fact.

2. Interest will not be allowed against a trustee holding a fund, when he had made no interest. if there be no laches or neglect, or use of the money, on his part.

Bill in equity for an account. The cause was set down by consent of parties upon the bill, answers, exhibits, and admissions of the parties. and was argued by Samuel A. Crapo and Philip Crapo for the plaintiff, and by Searle for the defendant [William Vernon].

STORY, Circuit Justice. The present bill is brought by John Cassels, as administrator with the will annexed of his late wife, Jane Cassels, deceased, against the defendant as executor of Samuel Brown, deceased, for an account and decree of payment of a certain trust fund belonging to her estate, entrusted during her lifetime to the defendant's testator for her use. Mrs. Cassels died in England, where her will was duly proved in the prerogative court of Canterbury, and administration thereon granted to the plaintiff in 1828; and he has since presented the same to the proper probate court of Rhode Island, by which administration has been granted to him in like manner. The will of Mrs. Cassels purports to have been made in virtue of a power reserved to her by a certain bond, executed before her marriage by the

plaintiff to a Mr. Champlin of Newport, the object of which was to secure to her the absolute disposal of her whole estate. Her will purports to dispose of her real and personal estate, first, to her husband for life, with a power to him afterwards to appoint and distribute the same among their children; and in default of such appointment, an equal distribution among their children, who should survive him, and if none survived, then to his own use in fee. There is no dispute between the parties as to the sum now due to Mrs. Cassel's estate; and the defendant makes no objection to paying it, provided he can be secure in so doing. It will be necessary, therefore, only to consider, whether either of the objections taken at the argument furnishes any solid ground for a denial of relief.

The first objection is, that the plaintiff has united in his bill a claim for the money as administrator of Mrs. Cassels, and also a claim for the same in his individual capacity, meaning, probably, though not so stated in the bill, as husband of the deceased. It is very properly stated, that these claims are inconsistent with each other, and that an admission of the one necessarily supersedes the other. The allegation, however, of a right in his individual capacity, is sustained by no facts alleged in the bill, and indeed is a mere naked assertion in the introductory part of the bill, in which, after stating his representative character, the bill adds, "and also in his private and individual capacity." The bill is certainly incorrect in this union of inconsistent claims; and if the objection had been taken upon demurrer, it would have overthrown the bill, unless an amendment was allowed. Courts of equity will not permit distinct and independent titles to be set up in the same bill, for that would be to allow multifariousness; much less will it permit inconsistent titles, or alternative titles, for that might tend to very inconvenient consequences in point of evidence. It is the, duty of the party, who seeks the assistance of the court, to state his own title directly, without any alternatives, and not to put the court upon the duty to select. out of many, any one, which it may ultimately think, upon the evidence, can be supported. See Salvidge v. Hyde. Jac. 151; Edwards v. Edwards, Id. 335; Mole v. Smith, 1 Jac. & W. 665. This difficulty, however, could have been gotten rid of by an amendment; and coming on after a full answer, and a hearing by consent of parties, the shortest course will be to dismiss the bill as to all claims, except that made in the representative character. I do not say, that this is quite regular; but upon a mere slip, not affecting the rights of the parties, and where I should certainly allow an amendment, it seems hardly worth while to put the parties to the expense of a new bill. Unless some material objection occurs to this course. beyond what has been already stated, I shall venture to follow it,

---

[1] [Reported by William P. Mason, Esq.]

not meaning, that it shall be drawn into precedent.

Taking the bill then to be solely in the representative character, the defendant insists, that the plaintiff is bound to establish all the material facts, asserted in his bill, in order to found a decree. He must show, that there was a marriage, that the wife had authority to make the will, and that there has been a sufficient probate of the will to entitle the plaintiff to institute the suit. I agree, that all these facts are in some sort before the court, and require proof. But my opinion also is, that they are sufficiently proved by the proper legal evidence. The courts of probate of Rhode Island have exclusive jurisdiction to grant administrations upon the estates of deceased persons within the state, and for this purpose to allow probates of the wills of persons dying testate abroad, as well as at home. See St. R. I. (Dig. 1822) pp. 211, 221. The jurisdiction applies as well to the wills of married women, as of those, who are sole. This point has been already disposed of in the case of Picquet v. Swan [Case No. 11,133]. If the jurisdiction attaches, all the incidents attach, and among others the incidental right of inquiry, whether the person was at the time competent to make the will. The decision of the probate court, being a court not only of competent but exclusive jurisdiction, establishing the will, and granting administration with the will annexed, is conclusive upon the very points now in controversy, and cannot be gainsaid. The proper remedy, if any, was by appeal. See Thompson v. Tolmie, 2 Pet. [27 U. S.] 157. It is not for this court to re-examine, whether the probate court had before it sufficient evidence to justify its decree. For us, it is sufficient, that such a decree was made, and that a valid administration now subsists under it. Even, if the decree were erroneous, as the probate of a will, it would still be good as a grant of administration; and such as would protect any payment made to the administrator.

No other objection has been made to the plaintiff's right of recovery. And my opinion, therefore, is, that he is entitled to a decree for the principal sum, admitted on all sides to be due, viz. $5205.70. A claim has been made for interest in behalf of the plaintiff. But I can perceive no sufficient foundation for it. Mrs. Cassels died as long ago as 1804, and no administration was taken out on her estate until 1828. No interest is proved to have been made by Mr. Brown; and for twenty years Mr. Cassels seems to have left Mr. Brown without any knowledge of his residence, and without any instructions what to do with the dividends of principal and interest as they were made on the stock, from 1801 to the time of the final redemption in 1819. Under such circumstances of neglect on the part of Mr. Cassels, there is no reason to give interest, which must operate as a penalty.

CASSILY (McVAUGHTER v.). See Case No. 8,930.

CASSIN (LEE v.). See Case No. 8,184.

CASSIN (PALMER v.). See Case No. 10,687.

CASSIUS, The (ARTHUR v.). See Case No. 564.

CASSIUS, The (KETLAND v.). See Case No. 7,743.

CASTEEL (HENDERSON v.). See Case No. 6,350.