## THOMAS S. BENT'S APPEAL FROM PROBATE.

All the valid provisions of a will must be carried into effect although the will contains other provisions which are invalid.

The testator bequeathed an annuity to his widow during her life, and bequeathed the residue of his estate in trust for the support of his grand-children during their minority.

Upon the petition of an heir at law of the testator alleging that certain other provisions of the will relating to the trust were invalid, and praying that the fund in the hands of the trustees might be distributed as intestate estate, it was held that the trust for the support of the grand-children was valid, that the fund must remain in the hands of the trustees for the purposes of that trust, and until that trust was discharged and the death of the widow, no final distribution of the estate could be made.

APPEAL from a decree of the Court of Probate for the district of Middletown; facts found by the Superior Court and case reserved for advice.

On the 15th day of June, 1868, Bartlett Bent, Senior died at Middlefield in the probate district of Middletown, leaving a

widow, Hannah P. Bent, and two sons, Bartlett Bent, Jr., and Thomas S. Bent, his only surviving children and heirs at law. Bartlett Bent, Jr. had a wife, Sarah Bent, then living, each being about forty years old. Bartlett Bent, Senior left a last will and testament, which was duly admitted to probate June 18th, 1868, containing the following provisions:

SECOND. I give, grant, devise and bequeath to my wife, Hannah P. Bent, the sum of fifteen hundred dollars per annum, for and during the term of her natural life, to be paid to her in equal monthly payments, the same to be in lieu of dower, and all other claims she might have against my estate.

SEVENTH. Should I not erect a monument for myself and family before my decease, I direct my executors to erect one at the place of my burial, the same to be of Quincy granite, and like the one of Ira Murdock standing in the cemetery at South Carver, Mass., and direct my said executors to keep the same and the grounds in repair at the expense of my estate during its settlement. At the final settlement and distribution of my estate, I direct that the sum of two hundred and fifty dollars be deposited in some good Savings Bank, the income of which shall be applied from time to time, as needed, to keep the monument and lot in repair.

TENTH. The rest and remainder of my estate, after paying my debts, funeral charges, the legacies before mentioned and the erection of the monument, I place in the hands of my executors, in *trust*, for the following purposes: If the said Bartlett Bent, Jr. and his wife Sarah shall not be living, and have not provided for the support of their children, or if living are not able at any time to afford comfortable support to said children, I direct that my executors shall provide for the proper support of said children until they arrive at the age of twenty-one years.

That when each of said children shall arrive at the age of twenty-one years, I direct that my executors shall pay the one so arriving of age the sum of one thousand dollars; upon arriving at the age of twenty-five years the further sum of two thousand dollars; and upon arriving at the age of twenty-eight the further sum of two thousand dollars.

ELEVENTH.   When the youngest child now living or here-
after born to the said Bartlett, Jr. and Sarah Bent shall
arrive at the age of thirty years, I direct that the balance of
my estate then remaining be equally divided between the then
surviving children of my said son Bartlett by the said Sarah;
*provided* my wife should not then be living.   If she should
then be living, the division heretofore mentioned shall be made
upon her decease.

On the 18th of June, 1870, the executors of the will pre-
sented their account to the court of Probate for settlement,
showing a balance in their hands of $93,470.94, all personal
property, which account was duly allowed.

On the 27th of June, 1870, Thomas S. Bent brought a pe-
tition to the court of probate, alleging that the eleventh and
other clauses of the will were inoperative and void, that the
fund in the hands of the executors was intestate estate, and
praying for the appointment of an administrator.   The court
of probate passed a decree dismissing the petition, from which
the petitioner took this appeal, assigning the following reasons:

1st.   That at the time of the death of Bartlett Bent, de-
ceased, Bartlett Bent, then Jr., and Sarah Bent his wife, both
in said will mentioned, were both living, and that Bartlett
Bent, late junior, is of the age of forty years or thereabouts,
and Sarah Bent is of the age of thirty-eight years or there
abouts, and that in consequence of Bartlett Bent, late junior,
and Sarah Bent his wife being living so as aforesaid, and also
in consequence of the rule of law against perpetuities, the
eleventh clause of said will is wholly void, in that the same
suspends the vesting of the ownership and power of alienation
of the property therein mentioned for an absolute term of time
exceeding in length the period of a life or lives in being at
the time of the death of the testator, Bartlett Bent, and
twenty-one years and nine months thereafter.

2d.   That that part of the seventh clause of said will which
reads as follows, to wit: "At the final settlement and distri-
bution of my estate, I direct the sum of two hundred and
fifty dollars to be deposited in some good Savings Bank, the
income of which shall be applied from time to time as needed

to keep the monument and lot in repair," is void in the law as tending to create a perpetuity.

. 3d. That that part of the tenth clause of said will which reads as follows, to wit: "Upon arriving at the age of twenty-five years the further sum of two thousand dollars, and upon arriving at the age of twenty-eight years the further sum of two thousand dollars," is void, in that the said portion of said tenth clause of said will suspends the ownership and power of alienation of said sums of two thousand dollars for an absolute term of time exceeding in length the period of a life or lives in being at the death of the testator, and twenty-one years and nine months thereafter.

*Darlington* of New York, and *A. Hall*, for the appellant.

1. The attempt of the testator to suspend the vesting of his residuary estate more than a life or lives in being and twenty-one years thereafter is void, as tending to create a perpetuity, and as against the reason and policy of our law.

The rules of law that govern in regard to the validity of such provisions in this State are the same with those of the common law of England prior to the Revolution. 1 Story on the Constitution, §§ 155, 156, 157, 158; 1 Kent Com., 342, 343, 472; Declaration of Rights of the Colonies, Journal of Congress, (Oct. 14, 1774,) vol. 1, pages 27–31; 1 Swift Dig., 151; *Baldwin* v. *Walker*, 21 Conn., 181; *Fitch* v. *Brainerd*, 2 Day, 189; *Chappel* v. *Brewster*, Kirby, 176, 177.

The rule of the common law on this subject is too clear to admit of question. *Proprietors of Brattle Street Church* v. *Grant*, 3 Gray, 142; *Nightingale* v. *Burrell*, 15 Pick., 111; 2 Washb. R. Prop., book 2, ch. 3, sec. 2, § 35; Id., ch. 7, sec. 5; *Leake* v. *Robinson*, 2 Merrivale, 363; *May* v. *Wood*, 3 Brown C. C. 471; *Batsford* v. *Kebbell*, 3 Ves., 363; *Jee* v. *Audley*, 1 Cox, 324; *Goodtitle* v. *Wood*, Willes, 213; *Wilkinson* v. *South*, 7 T. R., 551; *Long* v. *Blackall*, id., 96; *Crooke* v. *De Vandes*, 9 Ves., 197; *Lade* v. *Holford*, Ambler, 479; *Proctor* v. *The Bishop of Bath and Wells*, 2 H. Black., 358; *Goodman* v. *Goodright*, 2 Burr., 879; *Palmer* v. *Holford*, 4 Rus., 403; *Cadell* v. *Palmer*, 1 Cl. & Fin., 372; 4 Kent Com.,

267 ; 4 Cruise Dig., tit. 32, ch. 23, § 18 *et seq.*, 1 Jarman on Wills, ch. 10, sec. 2; *Welsh* v. *Foster*, 12 Mass., 97 ; *Duke of Norfolk's Case*, 3 Ch. Cas., 1 ; *Bull* v. *Pritchard*, 1 Rus., 213 ; *Jones* v. *Mackilwain*, id., 222; *Bengough* v. *Eldridge*, 1 Sim., 173 ; Lewin on Trustees, 71 ; *Griffiths* v. *Vere*, 9 Ves., 131, 127 ; *Hunter* v. *Judd*, 4 Sim., 455 ; *Anderson* v. *Jackson*, 16 Johns., 399.

2.    The tenth clause of the will, as far as objected to by the appellant, falls within the same rule.

This depends solely upon the interpretation of the words "their children" in said clause ; unless the executors can show a difference was intended to be made by the testator between those words as used in the eleventh clause and in this under consideration, and that the testator did not mean that the children of Bartlett Bent, Jr. by Sarah his wife should share in the benefits of the tenth clause, the clause must fail. The whole scheme of the will, the periods of twenty-one, twenty-five, twenty-eight and thirty years, show the purpose of the testator, and afford a clear means of interpretation as to the persons designed to share.

3.    The testator under the seventh clause attempts to create a perpetual investment, and no matter how desirable the object, not being a " charity," it is void.    2 Redf. on Wills, ch. 17, § 73, sec. 24 ; *Thomson* v. *Shakespeare*, 1 DeG., F. & J., 399 ; *Rickard* v. *Robson*, 31 Beav., 244; *Fowler* v. *Fowler*, 33 id., 616 ; S. C. affirmed 28 Jur., 648 ; *Lloyd* v. *Lloyd*, 2 Sim., 255.

4.    The property in question being entirely personal, sec. 4 of ch. 1, tit. 37, Gen. Stat., has no application to it.    2 Washb. R. Prop., book 2, ch. 7, sec. 5, § 4 ; Id., book 1, ch. 4, *passim*.

*Culver* and *Warner*, for the appellees.

1. . The eleventh clause of the will is valid by the law of this state, the persons to take all being the immediate issue of persons in being when the will was made. Gen. Stat., tit. 37, ch. 1, sec. 4.

2.    The English common law has never been adopted in

this state, either by judicial recognition, or legislative enactment. *Baldwin* v. *Walker*, 21 Conn., 181.

The rule now contended for was not adopted in England till 1736, which was more than a century after our ancestors settled in this state. They could not bring with them what did not exist. 4 Kent Com., 267. The rule was not settled in the Duke of Norfolk's case. Besides *that* case was not decided till 1685, which was a half century after the settlement of our state.

But suppose the appellant's construction of the expression " when the youngest child now living or hereafter to be born," is to be construed to include children begotten and born after the testator's death, and the English rule is to apply. Then the case presents an alternative limitation, one of which is confessedly good and the other confessedly void. Is the court to say that an entirely independent void limitation or condition is to render a valid limitation nugatory ? The law has never been so construed. Had both of these limitations been valid, it might be argued with great force that the happening of the first would vest the estate. Suppose the limitation to be upon the marriage or majority of a minor child, would not the happening of either event vest the estate ? When there is an alternative limitation, or when the property is to be vested upon a double event, the first good and the second void for remoteness or any other cause, the property vests upon the happening of the first. *Beard* v. *Westcott*, 5 Taunt., 393; *Armstrong* v. *Armstrong*, 4 B. Mon., 333 ; *Monypenny* v. *Dering*, 15 Eng. L. & Eq., 551; *Cambridge* v. *Rous*, 25 Beav., 414 ; *Longhead* v. *Phelps*, 2 W. Black., 704 ; *Fowler* v. *Depeau*, 26 Barb., 224; *Akerman's Adm'rs* v. *Vreeland's Ex'r*, 14 N. J. Ch., 23 ; 2 Jarman on Wills, 100.

The appellant's claim as to the time of vesting of the residue under the eleventh clause is not correct. The estate vests immediately. *Watson* v. *Hayes*, 9 Sim., 500 ; *Doe* v. *Lea*, 3 T. R., 40 ; 1 Jarman on Wills, 766 and cases cited.

Upon the appellant's claim the question turns upon the construction of the expression "living or hereafter to be born."

If the English rule is to be adopted, and this expression

means children begotten after the testator's decease, and not then in *ventre sa mere*, the limitation or contingency is too remote and must fail.    But on the other hand, if it is to be construed to mean children then born or to be born between the date of the will and the testator's death, then it must be supported. *Burke* v. *Wilder*; 1 McCord Ch., 551 ; *Butler* v. *Lowe*, 10 Sim., 317 ; *Townsend* v. *Early*, 28 Beav., 429 ; *Bateman* v. *Gray*, 29 id., 447 ; *Early* v. *Middleton*, 6 Eng. L. & Eq., 86.

This construction fixes the time of final distribution of the estate at a period when the youngest of the children of Bartlett and Sarah Bent living or begotten at the time of this testator's death, should reach the age of thirty years.    The expression " living, or hereafter to be born," is not used for fixing the class of beneficiaries under the bequest.  It is used only to fix and designate persons in respect to the age of *one* of whom the fund is to be distributed.    The testator provides that quite another class shall take the residuum, and that class is " *the surviving children of Bartlett and Sarah Bent*," without reference to their age, or either of them, or the rights of survivorship.    If the English rule regarding perpetuities is to be adopted, then the limitation is upon a life in being and is good.

3.    By the tenth clause of the will the whole estate is placed in the hands of trustees, and is charged with the support of Bartlett and Sarah Bent's children born and unborn, until they arrive at their majority.    By the same clause also legacies amounting to thirty thousand dollars are charged upon the trust fund in favor of the children now living of Bartlett and Sarah Bent.    There is a further charge upon the estate of sums equal in the aggregate to five thousand dollars, in favor of each child hereafter to be born to Bartlett and Sarah Bent, provided the clause refers to after-born children. There is no doubt but the testator could charge this trust fund with the support of the unborn children of Bartlett and Sarah Bent.    It is neither contrary to public policy nor objectionable to morals, or law.    If the court is to consider the moral probability of future issue based upon the continuance of life and the age of the parties, it cannot say but this charge of the support of unborn children is sufficient to exhaust the whole

estate other than the specific legacies and bequests. But the rights of the executors, or trustees, and of the appellant and those unborn children, are not to be determined upon *moral certainties* or *rational probabilities* as to the birth of future children to Bartlett and Sarah Bent. The legal question to be considered is one of *possibility* of issue ; the *legal possibility* of issue to persons in wedlock has no limit as to time or ·numbers but the period of its dissolution. Neither the extreme limit of human life or age, nor the extreme point of human impotency, raises a legal presumption in law against the possibility of issue. The court is called upon in this case to fix the amount necessary to support the valid charges made in favor of these possible unborn heirs of Bartlett and Sarah Bent, and to distribute the balance. The legal impossibility of determining such fact should be its answer.

FOSTER, J. The appellant, a son and one of the heirs at law of the testator, as reasons for his appeal, and to show that the decree of the court of probate dismissing his petition should be set aside, assigns the following :

1. That the eleventh clause of said will is wholly void, in that it suspends the vesting of the ownership and power of alienation of the property therein mentioned, for an absolute term of time exceeding in length the period of a life or lives in being at the death of the testator, and twenty-one years and a fraction thereafter.

2. That that portion of said will which appropriates the sum of $250 to be deposited in some good Savings Bank, and which directs the income thereof to be applied from time to time as needed to take care of the testator's lot in the cemetery, and keep his monument in repair, is void in law as tending to create a perpetuity.

3. That that portion of the tenth clause of said will which provides for the payment of $2,000 to certain grand-children of the testator upon their arriving at the age of twenty-five years, and the further sum of $2,000 upon their arriving at the age of twenty-eight years, is void in law for the reason above specified which makes void the eleventh clause of said will.

These questions have been forcibly presented and ably argued. We are not prepared to say that they are wholly free from difficulty ; but the view we take of the case makes any present decision of them both premature and unnecessary.

We recently held upon an appeal from the decree of the court of probate approving this will, that a decree of the court of probate approving a will containing void bequests, was not erroneous because it was general, and did not limit its approval to the valid bequests. *Bent's Appeal from Probate*, 35 Conn., 523. There can be no doubt however, that as a consequence of that decision, and indeed upon general principles, all the valid provisions of this will must be carried into full effect.

Now there are certain trusts created by this instrument, trusts still subsisting, the validity of which this appellant does not seem to question, at all events we consider them effective and binding, which prevent any present distribution of this estate.

The debts, legacies, &c. of the testator being paid, the tenth clause of the will directs that the rest and remainder of the estate be placed in trust in the hands of his executors, requiring them upon certain contingencies to provide for the proper support of the children of Bartlett Bent, Jr. and Sarah his wife, grand-children of the testator, till they arrive at the age of twenty-one years. The death of the parents of these children without having provided for their support, or their inability, if living, to furnish such support, being the contingencies on which the executors as trustees for these children are to act.

Nothing has been urged, nothing substantial, as we think, can be urged, against the validity of this trust. The purpose is a perfectly legitimate and proper one, and ought to be accomplished. Till this trust is fully and faithfully discharged this property should remain where the testator has placed it. Without assuming the power to make a will for him we cannot disturb it. Besides, it should be borne in mind that the sum of fifteen hundred dollars per annum is given the widow of the testator during her natural life, and she is still living.

The appropriation of the $250, which the appellant insists is void as creating a perpetuity, is not to be made till the final settlement and distribution of the estate, and that, by the express terms of the will, is postponed until after the widow's decease.

The conclusion to which we have thus arrived makes it unnecessary to pass upon the questions raised by the appellant. Even if he be right in his construction of the several clauses of this will, and whether he is or not we give no opinion, there is nothing now to distribute. It may be few, it may be many years, before these trusts will be discharged. Without the gift of prescience, which has not been bestowed upon us, we cannot decide that this property, the whole of it, may not be required for the full and faithful discharge of these trusts. Recent events admonish all who may need the admonition, that much larger estates than this, surrounded by all the safeguards that human prudence can suggest and human ability supply, may be consumed in a single night. The main design and purpose of this will might be entirely defeated, a compliance with its strictly legal provisions might be rendered absolutely impossible, by a present distribution of this estate.

We advise the Superior Court to affirm the decree of the court of probate dismissing the petition.

In this opinion the other judges concurred.