## THE VERMONT BAPTIST STATE CONVENTION, *the appellant, v.* ALFRED LADD'S ESTATE.

*Probate of Will, Effect of. Evidence. Legatee, Description of. Res ajudicata.*

1. The probate of a will establishes the capacity of the testator, and evidence is not admissible on an appeal from a decree of distribution to prove his incapacity.
2. A legatee may take by a reputed name.

APPEAL by the plaintiff from a decree of the Probate Court of distribution of the estate of Alfred Ladd, denying to the plaintiff any benefit under said Ladd's will. Heard on a commissioner's report, April Term, 1886, Franklin County, ROYCE, Ch. J., presiding. Judgment *pro forma*, and without hearing on the report for the defendant.

It appeared that the plaintiff, The Vermont Baptist State Convention, was a corporation duly chartered by the legislature. The other facts are sufficiently stated in the opinion.

*Noble & Smith*, for the plaintiff.

It was error on the part of the referee to admit evidence of the unsoundness of mind of the testator after the Probate Court had decreed the due execution of the will, and no appeal therefrom had been taken.

The R. L. s. 2018, provide that the Probate Court shall have jurisdiction of the "probate of wills; and (s. 2049) the probate of a will of real and personal estate shall be conclusive as to its due execution. Will. Ex. pp. 549, 619.

*Farrington & Post*, for the defendant.

The question was one of *construction* of the will, what was meant by the clause, not whether the will was valid.

Upon this question the same testimony is admissible as would

be in a contest on the capacity of the testator in the probate of the will, or when a bill of equity is brought to obtain a construction of the will; especially is it admissible in rebuttal of parol proof offered and admitted to show intention in this case. 6 Wait Act. & Def. p. 388; 1 Greenl. Ev. ss. 287, 528; 5 U. S. Dig. (first ses.) s. 3147.

The probate of the will is not *res ajudicata* upon the question. R. L. s. 2049; *In re Carey's Estate*, 49 Vt. 236.

The opinion of the court was delivered by

TAFT, J. The question at issue in this cause is to whom did the testator give the four hundred dollars mentioned in the fifth clause of his will. The clause reads: " I will and bequeath to the Vermont State Convention the use of four hundred dollars." The appellant claims the legacy, that it was intended for them, and offered evidence in support of such claims; and from the evidence the referee found that when the testator used the words, " The Vermont State Convention," in the fifth clause of the will, he meant the appellant, unless the evidence, offered by the appellee to show that at the time of the execution of the will the testator was unable to form an intention, and was not of sound and disposing mind, was admissible. We think the probate of the will conclusively settled the question of the capacity of the testator, and established the fact that he was, at the time the will was executed, of sound and disposing mind; and the evidence offered upon the distribution of the estate, tending to show that he was not of sound mind, and had no intent in making the bequest, was inadmissible. These questions were *res ajudicata*. The only question made in the exceptions was as to the admissibility of the evidence offered by the appellee. It may be further noted that no one save the appellant claims the legacy; and the referee reports that the appellant was called by the various names of " The State Convention," " The Vermont Baptist State Convention," and " The Vermont State Convention." The latter designation was one of the reputed names of the appel-

lant, one that the testator himself used in speaking of it. The question before us is not which of two persons was meant, thus calling for the intent of the testator, but is the claimant sufficiently designated and described in the will, so that it can be identified? Why may not a person take under a will by a reputed name? If the devise was given to the appellant by any one of the names by which it was known to the testator, why need we inquire about his intent?

Judgment reversed; judgment for the appellant, and ordered certified to the Probate Court.