109  141
134  432

WHEELOCK *v.* AMERICAN TRACT SOCIETY.

WILLS—TRUSTS—CHARITABLE BEQUEST—INDEFINITE BENEFICIARY.
  A testatrix devised her estate to her executors in trust, directing them, first, to apportion the same among certain designated charitable societies in such manner as they should deem proper, but further providing that, if they should think best not thus to appropriate the entire estate, the remainder should be paid to such "worthy poor girls" as they might select, to aid in their education, the executors to have full power as to the amounts to be paid and the times of payment. *Held,* that the provision for "worthy poor girls" was ineffective, and must fail, the trust not being fully expressed or clearly defined upon the face of the will, as required by 2 How. Stat. § 5573, subd. 5; and that the other provision, while not open to the same objection, was so inseparably connected with the void provision as to fall with it.

Appeal from Calhoun; Smith, J.   Submitted January 29, 1896.   Decided April 21, 1896.

Bill by Charles H. Wheelock, administrator with the will annexed of the estate of Sarah W. Wheelock, deceased, against the American Tract Society and others, to construe the will of the deceased. From a decree declaring void the residuary clause of the will, defendants appeal. Affirmed.

The following is a copy of the will:

"I, Sarah W. Wheelock, of the township of Athens, county of Bradford, and State of Pennsylvania, being of sound mind, do make and publish this my last will and testament. And, first, as to such worldly estate as it hath pleased God in His mercy to intrust me with, I dispose of as follows: I direct that all my funeral expenses be paid as soon after my decease as possible, out of the first moneys that shall come into the hands of my executors. And, as to the residue and remainder which shall remain in the hands of my executors, that the same may be applied to useful and charitable purposes, it is my will, and I hereby direct my executors, hereinafter named, to dispose of the money that may come into their hands from my estate, whether the same be from real or personal property, to such charitable and Christian purposes as hereinafter named, in such sums and portions as, in their discretion, they shall think proper and right; and for such purposes I do hereby give and bequeath to Moses W. Wheelock and Mrs. Charlotte Fairbanks (my executors, hereinafter named) all my property, of whatever kind or nature, in trust and for the uses hereinafter set forth; that is, to pay the same to the 'American Board of Foreign Missions,' to the 'American Tract Society,' to the 'American Home Mission,' and to the 'American Female Guardian Society,' incorporated by the legislature of New York in the year 1849. And should my executors think it best to appropriate a portion of the moneys which may come into their hands, which shall not be expended and paid as hereinbefore set forth,—and as to the amount to be paid, or sums to be distributed, to each, I leave entirely to the judgment and discretion of my executors to act in this respect as they shall think right,—it is my wish and desire, and they are hereby directed, to pay to such worthy poor girls, to aid in their education, such sums as shall not be expended or paid as hereinbefore provided; said donees to be chosen by my executors, they

having full power as to the amounts to be paid, and the times of payment, appropriating the same as their goodness and judgment shall dictate. I give and bequeath the best of my wardrobe to Mrs. Charlotte Fairbanks. And I hereby nominate, make, and appoint my beloved brother, Moses W. Wheelock, my executor, and my friend, Charlotte Fairbanks, my executrix, to this, my last will and testament.

"In witness whereof, I have hereunto set my hand, to this, my last will and testament, written on one sheet of paper, A. D. March 25th, 1858.

"SARAH W. WHEELOCK. -

"Signed by Sarah W. Wheelock in our presence, as her last will and testament:

"H. W. PATRICK.
"N. C. HARRIS."

*Hulbert & Mechem*, for complainant.

*Swayne, Swayne & Hayes*, for defendants.

HOOKER, J. The complainant is administrator with the will annexed of Sarah W. Wheelock, and files this bill to obtain a construction of the will, a copy of which is appended. This will was made when the testatrix was a resident of Pennsylvania, and her estate was administered nearly to the point of distribution before the will was discovered. The persons named in the will as executors died before the will was discovered,—one before the death of the testatrix, and one after. The estate consists of real estate, there being little personal property, and this will be required to pay the expenses of the administration. The circuit judge held the provisions of the will void.

The complainant contends that the will is inadequate to the creation of a trust, while the four corporations mentioned seek to uphold its validity. This must depend upon two questions:

1. Does the will comply with subdivision 5, § 5573, 2 How. Stat.?

2. If so, does it fail by reason of the death of the trustees named in the will?

Whether or not this trust is fully expressed and clearly

defined upon the face of the instrument creating it, as
required by subdivision 5, § 5573, 2 How. Stat., must de-
pend upon the construction of this will.  It is agreed by
all parties that the provision for "poor and worthy girls"
is ineffective, and must fail.  So far as that provision
is concerned, the trust is not fully expressed or clearly
defined.  On the other hand, the provision for the four
societies is not open to that objection, and may stand
unless it is inseparably connected with the other pro-
vision, and must fall with it.

A similar will was considered in the case of *Tilden* v.
*Green*, 130 N. Y. 29 (27 Am. St. Rep. 487), where this
interesting question will be found elaborately discussed.
In that case the residuum of the estate was devised in
trust, to be devoted to some objects to be worked out
through a prospective corporation, which the trustees
were authorized to cause to be created, if possible, but
subject to the power of the trustees to divert the fund, or
any part of it, from that object, and apply the same to
general charity, if they deemed it inexpedient or the cor-
poration should not be organized.  The court held that
the will indicated that the testator had in view one gen-
eral scheme of charity, and that all the provisions of the
will were inseparably connected, and must fall, inasmuch
as some of them, like the provision for "poor girls" in
this will, were vague and indefinite, and inasmuch as the
will designated no beneficiary who might enforce the
trust.  The attempt to maintain that the Tilden trust was
the primary object of the testator's bounty was similar to
the claim made here that the four societies were intended
to be the first objects to be considered.

We do not fail to note the distinction urged by coun-
sel that this will indicates that some provision, be it
never so small, was, by the terms of this will, assured
to these societies, or one of them; but if this can be
said to be so, in view of the fact that the "poor girls"
were mentioned, and of the statute (2 How. Stat. § 5616),
we are still impressed by the fact that the testatrix ap-

parently intended that the interests of the " poor girls " should be weighed by the trustees before determining how the estate should be divided.   As said in the *Tilden Case:* How could the trustees, charged with the imperative duty of devoting the estate to charitable purposes, consider the question whether they should give the four societies anything, or (if, as contended, each was entitled to something) more than a nominal sum, without taking a complete view of the whole field of charities embraced within the provisions of the will?   We think the case is within the rule maintained in the *Tilden Case,* and that the view taken by the learned circuit judge was correct, and that the decree should be affirmed.   The other question need not be discussed.

Decree affirmed.

The other Justices concurred.