## CLEARSPRING TOWNSHIP OF LAGRANGE COUNTY ET AL. *v.* BLOUGH ET AL.

[No. 21,184. Filed May 25, 1909. Rehearing denied October 14, 1909.]

1. APPEAL.—*Parties.—Interest.—Estoppel.*—Where appellees made one of the appellants a party below, alleging that she had an interest in the cause and taking a judgment against her for costs, they cannot be heard to question her right to be made an appellant. p. 21.

2. COURTS.— *Circuit.— Jurisdiction.— Wills.— Construction.—Probate.—Contest.—Equity.*—Circuit courts have not only exclusive

original jurisdiction of the construction, probate and contest of wills, but also possess general equity jurisdiction. p. 22.

3. Courts.—*Probate.*—*Construction of Wills.*—*Judgment.*—Where probate courts have no power to construe wills, their admission of a will to probate does not determine its validity and effect, and decisions of such courts are not applicable to states in which the probating courts have jurisdiction to construe and to contest wills. p. 23.

4. Courts.—*Probate.*—*Authority.*—Probate courts have only such jurisdiction as is conferred by statute. p. 23.

5. Wills.—*Probate.*—*Effect.*—The probate of a will does not ordinarily determine its validity or construction. p. 23.

6. Wills.—*Probate.*—*Effect.*—*Collateral Attack.*—Ordinarily, the probate of a will is a *prima facie* adjudication of the testamentary capacity of the testator and the due execution of the will, and is conclusive on a collateral attack. p. 23.

7. Wills.—*Contest.*—*Questions Triable.*—Orindarily, in a will contest, the validity of certain devises or provisions cannot be determined. p. 23.

8. Wills.— *Probate.*— *Requisites.*— *Appointment of Executor.*— A will appointing an executor, but operating on no property, is ordinarily entitled to probate. p. 24.

9. Wills.—*Contest.*—*Parties.*—*Joinder.*—An action to contest a will is a special proceeding, and the general rule as to joinder of parties does not apply. p. 24.

10. Pleading.— *Complaint.*— *Wills.*— *Contest.*— *Testamentary Capacity.*—*Undue Execution.*—*Evidence.*—Under general allegations of unsoundness of mind of the testator, and the undue execution of the will, everything tending to show a want of testamentary capacity, or an undue execution of the will, or any other statutory ground of contest, may be introduced in evidence. p. 24.

11. Wills.—*Valid and Invalid Provisions.*—A will may be valid as to certain provisions and invalid as to others—valid as to certain beneficiaries and invalid as to others. p. 25.

12. Wills.—*Invalid Parts Rendering Entire Will Void.*—Where the valid provisions of a will are so dependent upon void provisions that they cannot be separated therefrom without affecting the plan and scope of the will, the entire will should be declared void. p. 25.

13. Wills.—*Provisions.*—*Separation.*—A will devising to testator's two sons life estates in certain lands, remainders to a charitable use, and containing other dispositions of his remaining property, is valid as to the devises of such life estates, and such other provisions, even though void, are separable from the valid provisions. p. 26.

14. WILLS.—*Invalid Provisions.—Intestacy.*—A testator making certain invalid provisions in his will, dies intestate as to the property covered by such provisions. p. 26.

15. WILLS.—*Construction.—Intestacy.*—Wills should be construed, where possible, so as to avoid intestacy. p. 26.

16. WILLS.— *Probate.— Resistance.— Invalid Provisions.*— A will having any valid provisions is a proper subject for probate, but if wholly void, probate should be denied. pp. 27, 28.

17. WILLS.— *Testaments.— Probate.— Resistance.— Words and Phrases.*—The words "will" and "testament" are used synonymously in our statutes and the probate of either may be resisted. p. 27.

18. WILLS.—*Contest.—Questions Presentable.*—In a proceeding to contest, or resist the probate of a will, the proper execution of the will and the capacity of the testator to execute a will are litigable questions; but the construction of the will, being solely for the court, cannot be litigated therein. pp. 28, 30.

19. WILLS.—*Resisting Probate of.—Contest.—Construction.—Estoppel.*—Parties resisting the probate of a will cannot afterward contest such will; but an unsuccessful contest, or resistance to probate, does not preclude such parties from an action to construe such will. pp. 29, 30.

From Lagrange Circuit Court; *James S. Dodge,* Judge.

Proceeding by Clearspring Township of Lagrange County to probate a will, Noah Blough and another resisting. From the judgment rendered, plaintiff and another appeal. *Reversed.*

*Miller, Drake & Hubbell, J. F. Dunten, Ballou & Green* and *Merritt & Duff,* for appellants.

*Thomas R. Marshall, John W. Hanan* and *Merrill Moores,* for appellees.

MYERS, J.—On September 17, 1907, appellant township presented in the Lagrange Circuit Court an instrument in writing, purporting to be the last will and testament of Valentine Blough, deceased, and moved that it be admitted to probate. Appellees, sons of the decedent, appeared at the same time and objected to such probate, and time was given to them within which to file their objections. On September 20 they filed written objections against probate, ten in number, of which the fifth, eighth and tenth went out on demur-

rer, those remaining being: "(1) On July 14, 1897, the date of the instrument proposed as the will of Valentine Blough, deceased, he was of unsound mind. (2) Item four is not a charitable devise and bequest, and the validity of the will rests upon said item four. (3) It is an attempt to tie up in perpetuity the estate of the decedent, for the use, behalf and benefit of certain fixed persons, viz., the poor and needy persons living in Clearspring township at the date of the death of the decedent, such persons having been born in the limits of Clearspring township. (4) It is an attempt to establish a charitable trust, in connection with a private trust for the erection and permanent maintenance of an eight-foot iron fence around four rods square of land, and the erection of a two thousand dollar monument thereon, and in tying up his estate in perpetuity for the maintenance thereof, and said Valentine Blough is not buried upon said land, and had, prior to his death, erected a monument to himself in a cemetery in said county, and is now buried near said monument in said cemetery." "(6) The trustee appointed under item four of said will has no discretion as to the persons who shall share in the benefits of said pretended trust. (7) Said pretended and attempted trust set out in said will is not charitable, is purely private, and for such private charity said Clearspring township of said Lagrange county, Indiana, cannot act as trustee." "(9) That the terms and conditions thereof are not enforceable, as shown by the terms thereof, either at law or in equity."

Said objectors named as parties, and as all the parties benefited, Clearspring township of Lagrange county, Amanda Blough, the widow of said Valentine Blough, and John Blough, as executor of said pretended last will and testament.

The instrument offered for probate, and referred to in the objections which it accompanied, contained a general declaration as follows;

"I, Valentine Blough, of Clearspring township, Lagrange county, Indiana, desiring to provide for the support and maintenance of my two sons during their lives, and that certain persons living in said Clearspring township, after my death, should receive the final benefits of my estate, do make and publish this, my last will and testament, hereby revoking all former wills by me made."

Item one devises to appellee Noah Blough 220 acres of specifically described real estate for life, he to pay the taxes, keep the land fenced, and cut or remove no timber except such as is necessary for the use and benefit of the farm.

Item two devises 260 acres of specifically described real estate to appellee Henry Blough, on the same terms and conditions as in case of the devise to Noah Blough.

Items three, four and five are as follows:

"Item three. I give, devise and bequeath to John Blough, as trustee, all my personal property of every nature and description. He shall build a good, substantial iron fence, eight feet high, around a tract of land four rods square [items one and two being subject to this provision], one-half of which shall be taken out of the southwest corner of the east half of the southeast quarter of said section three, and one-half out of the southeast corner of the west half of the southeast quarter of said section three, and shall erect a monument to mark the resting place of the remains of myself, said monument, fence and improving of such lot to cost $2,000. The remaining portion of my personal estate, after paying the expenses of my last sickness and death, and the funeral expenses arising therefrom, he shall hold and securely invest until the death of both of my sons. During their lifetimes, he shall see that said monument, fence and land enclosed are properly cared for, paying to my said sons the remainder of the income derived from such personal estate, one-half to each of said sons, so long as they both shall live, and all to the son living, after the death of the other son, so long as he lives.

Item four. I give, devise and bequeath to Clearspring township, Lagrange county, Indiana, all my real and personal estate, subject to the bequests, uses and benefits set forth in items one, two and three of this my last will.

Said township shall have the power to rent said lands to the best advantage practicable, and also invest the personal estate that may remain in the hands of my trustee, at the time of the death of my two sons, as set forth in item three, of this my last will. The interest derived from said funds, and the income derived from said lands shall constitute a fund in the hands of said township: (1) To maintain and care for said monument, fence and land enclosed; and (2) for the benefit of the poor and needy persons living in said township of Clearspring, who were born within the limits thereof. It shall be the duty of the trustee of said township to see that the land is properly cultivated, kept neat, and securely fenced, and report to the board of commissioners of said county, whenever he makes his report as overseer of the poor, a detailed statement showing the true condition of said trust estate, the amounts received by him and on what account, the person to whom, and the uses and purposes for which, any part of the same has been paid, and he shall satisfy said board of commissioners that said trust estate is securely invested, and that no part of the same shall be lost to the beneficiaries thereof. If, at any time, it shall appear to the court having jurisdiction in such matters that the trustee of said Clearspring township has not the power, or is incompetent for any reason, to manage said estate, then a trustee shall be appointed so to do by such court. Such trustee so appointed by such court shall, at least once a year, make a detailed report to such court, showing the amount received on account of said estate, and the persons to whom, and the uses and purposes for which, the same, or any part thereof, has been paid, and shall satisfy said court that said funds are properly and securely invested, and that no part thereof shall be lost to the benefit of the beneficiaries thereof.

Item five. I do hereby nominate and appoint John Blough executor of this my last will and testament.''

Separate motions by Clearspring township, Amanda Blough, and John Blough, executor, to strike out all the objections other than the first, were overruled, and separate exceptions reserved, and separate demurrers by each of them to each of the objections, other than the first, were sustained as to the fifth, eighth and tenth, and overruled as to the others, and exceptions reserved.

A stipulation was then entered into between the parties, by which it was agreed that the decedent was buried in a public cemetery in Lagrange county; that prior to his death he had erected a monument to his memory in said public cemetery, and that the question of the soundness or unsoundness of mind of the decedent should be waived, and held in abeyance, until the questions presented by the other objections, from the face of the instrument, should be determined.

Appellants then offered competent evidence of the execution of the instrument as the last will and testament of the decedent, which was excluded, and the court refused to hear any evidence, and held that, from the face of the instrument offered, it is void; that it is not such an instrument (said Valentine Blough not being buried upon the farm therein described), as can be enforced at law, or should be enforced in equity, and that the further stipulations and conditions of the will are void in law and in equity. Judgment was rendered refusing probate of the will, and against appellants for costs.

Separate motions for a new trial were filed, and overruled, and exceptions reserved, and an appeal was prayed, and bond filed and approved.

Errors are assigned separately by the appellants, as to the ruling of the court on the motions to strike out the objections, other than the first, in overruling the demurrers to the second, third, fourth, sixth, seventh and ninth objections, in overruling their motions for a new trial, in adjudging the will invalid on its face, and in refusing to hear evidence of its execution.

Appellees here move to dismiss the appeal as to Amanda Blough, on the ground that she has no interest in the controversy. Appellees made her a party, alleging that she had an interest, and secured a judgment against her for costs, and cannot now be heard to say that she is not a party in interest.

On the part of appellants it is claimed that in proceedings to probate a will where there is resistance to probate, the statutory grounds (§3154 Burns 1908, §2596 R. S. 1881)—"the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof"—do not authorize the court of probate to construe a will, and hold the entire will void because the court is of the opinion that one item is void.

On the part of appellees it is insisted that even though a will is formal in all respects, the testator of sound mind, and the will duly executed, the instrument may be attacked on any ground which affects its validity as a will, and not solely on the ground of mental incapacity or the lack of valid execution, and in this particular case that the instrument in question is intrinsically and radically defective in its very essence and substance: (1) For uncertainty as to the devisee or trustee, (2) for want of legal capacity in the devisee or trustee to accept the trust, (3) for uncertainty as to the *cestui que trust.*

An attempt to reconcile the cases would be futile. Many of them are decided under different statutory provisions; others where the probating authority has no power to construe wills, and construction is committed to courts of equity, or to courts of law upon which such jurisdiction is conferred. While the reasoning in many of the cases lends us much aid, it will not be profitable to attempt a review of the cases at any length.

In this State, circuits courts have not only exclusive jurisdiction of all matters relating to the construction, probate and contest of wills, and the settlement of estates, but also possess general equity powers. §2724 Burns 1908, §2217 R. S. 1881; 1 Thornton & Blackledge, Administration, §1, and cases there collected.

It is quite clear, therefore, that a rule applicable in jurisdictions where the probating authority has no power of con-

struction, could have but little weight here, and in those jurisdictions where courts of probate have no power of constructon the validity and effect of wills are not determined by probate. *Sumner* v. *Crane* (1892), 155 Mass. 483, 29 N. E. 1151, 15 L. R. A. 447; *Holman* v. *Perry* (1842), 4 Met. (Mass.) 492; 23 Am. and Eng. Ency. Law (2d ed.), 135.

Nor can courts of probate, in the absence of statutory authority, construe wills as to the validity of dispositions made by them. 16 Ency. Pl. and Pr., 1048. In general, the effect of probate is not to establish the validity of the will nor its construction. *Cox* v. *Cox* (1890), 101 Mo. 168, 13 S. W. 1055; *Bent's Appeal* (1869), 35 Conn. 523; *Jolliffe* v. *Fanning & Phillips* (1857), 10 Rich. Law 186; *Prater* v. *Whittle* (1881), 16 S. C. 40; 1 Woerner, Administration (2d ed.), §228. In many states, submission to probate operates *prima facie* as an adjudication of the facts as to mental capacity, freedom from fraud, undue influence, etc. 23 Am. and Eng. Ency. Law (2d ed.), 134; Page, Wills, §341. In some, the probate of a will is conclusive, in a collateral attack, as to mental capacity and due execution (*Robinsons* v. *Allen* [1854], 11 Gratt. 785; *Word* v. *Glenn* [1855], 9 Rich. Law 127), in others, as to due execution only (*Cassels* v. *Vernon* [1829], 5 Mason 332; *Mutual, etc., Ins. Co.* v. *Tisdale* [1875], 91 U. S. 238, 23 L. Ed. 314; *Vermont Baptist State Convention* v. *Ladd's Estate* [1886], 59 Vt. 5, 9 Atl. 1; *Colton* v. *Ross* [1831], 2 Paige 396, 22 Am. Dec. 648; *Parker* v. *Parker* [1853], 11 Cush. 519). Not only where there is a separation of jurisdiction, but also in some cases where it is concurrent, the distinction between courts of probate proper, and courts of construction and administration, has not always been carefully noted in the decisions, and so it has frequently been held that proceedings to contest cannot be made the means of trying the validity of certain devises or testamentary provisions,

1 Woerner, Administration (2d ed.), §228; *Ward* v. *Brown* (1903), 53 W. Va. 227, 44 S. E. 488; *Kolowski* v. *Fausz* (1902), 103 Ill. App. 528; *Mears* v. *Mears* (1864), 15 Ohio St. 90, and cases cited; *Prather* v. *McClelland* (1890), 76 Tex. 574, 13 S. W. 543; *Cox* v. *Cox* (1890), 101 Mo. 168, 13 S. W. 1055; *Lilly* v. *Tobbein* (1890), 103 Mo. 477, 15 S. W. 618, 23 Am. St. 887; *In re Davis's Will* (1905), 182 N. Y. 468, 75 N. E. 530. It has been held that an instrument executed with the formalities of a will or testament, though it operated upon no property, but simply appointed an executor, is entitled to be probated. *In re Hickman* (1894), 101 Cal. 609, 36 Pac. 118, and cases cited.

But this line of cases must be considered in the light of the statutory jurisdiction of courts of probate, limiting the power of probate only, with jurisdiction in some other court to contest the validity of the document. Our statute, however, is much broader, both with respect to jurisdiction of the probating authority, and as to the matters which may be presented, and as to the latter it is significant. It goes to "any objection to its validity, or to the probate thereof," seemingly presenting questions both as to the formalities of execution, capacity, etc., as involved in probate proper, and to validity of its provisions.

Upon the whole, we are left to work out the problem principally from our own statute, and the reasoning which seems to point to the procedure. An action to contest a will is a special proceeding, and the general statute as to joinder of causes of action does not apply. *Summers* v. *Copeland* (1890), 125 Ind. 466; *McDonald* v. *McDonald* (1895), 142 Ind. 55. Under allegations of unsoundness of mind and undue execution, every species of unsoundness of mind, duress, fraud or whatever else tends to show undue execution may be shown (*Willett* v. *Porter* [1873], 42 Ind. 250, 254; *Lange* v. *Dammier* [1889], 119 Ind. 567; *Reed* v. *Watson* [1867], 27 Ind. 443; *Kenworthy* v. *Williams* [1854], 5 Ind. 375) ; and every

statutory ground of attack may be shown (*McDonald* v. *Mc-Donald, supra; Sinnet* v. *Bowman* [1894], 151 Ill. 146, 37 N. E. 885). "It is undoubtedly true that a will may be void in part, and not in all its provisions; or it may be void as to one legatee, and not as to others." 1 Redfield, Wills (4th ed.), *519. See, also, *Floyd* v. *Floyd* (1883), 90 Ind. 130, 135; *Mears* v. *Mears, supra.*

It is only in case the different parts of a will are inconsistent, or so dependent upon and interwoven with each other that they may not be separated without affecting the general plan and scope of the instrument, that the whole must be stricken down. *Tilden* v. *Green* (1891), 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. 487; *Phillips* v. *Heldt* (1904), 33 Ind. App. 388; *Wheelock* v. *American Tract Soc.* (1896), 109 Mich. 141, 66 N. W. 955, 63 Am. St. 578; *In re Bent's Appeal* (1871), 38 Conn. 26. The special ground of attack upon the instrument under consideration is that it is void because a charitable use is not created, and that the provisions of the instrument are in contravention of the statute against perpetuities (§3998 Burns 1908, §2962 R. S. 1881), and that the several parts of the instrument are so interwoven with and dependent upon one another that the will is wholly void, and the testator's general scheme for the distribution of his property unlawful.

With the view we entertain with regard to the procedure, we do not find it necessary to determine whether a charitable use, or a trust enforceable in equity, is created by the instrument. We think that question was not before the court below, and is not before us. We have only considered that matter as an incident of the examination of the question, as to the extent of the decisions on applications for, and resistance to probate, and on constructions as to the validity or invalidity of the whole, or different clauses of a will, as affecting the question of admission to probate. As bearing upon that question, we note: *Erskine* v. *Whitehead* (1882), 84 Ind. 357; *Skinner* v. *Harrison Township* (1888), 116 Ind.

139, 2 L. R. A. 137; *In re John's Will* (1896), 30 Ore. 494, 47 Pac. 341, 50 Pac. 226, 36 L. R. A. 242; *Barkley* v. *Donnelly* (1892), 112 Mo. 561, 19 S. W. 305; *George* v. *Braddock* (1889), 45 N. J. Eq. 757, 18 Atl. 881, 14 Am. St. 754, 6 L. R. A. 511 and cases cited; *Crerar* v. *Williams* (1893), 145 Ill. 625, 34 N. E. 467, 21 L. R. A. 454 and notes; *Webster* v. *Wiggin* (1895), 19 R. I. 73, 31 Atl. 824, 28 L. R. A. 510 and notes; *Hanson* v. *Little Sisters, etc.* (1894), 79 Md. 434, 32 Atl. 1052, 32 L. R. A. 293 and notes.

By this instrument the testator vested in his two sons life estates in definite parcels of land. Clauses one and two thereof are clearly capable of execution and use distinctly separable from the remainder of the will.

If it can be said that the will is inoperative as to the remainder or the fee—as to which we express no opinion—the result would be intestacy as to the fee; in other words, it would amount to the carving out of a life estate, and intestacy as to the remainder. *Beshore* v. *Lytle* (1888), 114 Ind. 8; *Parks* v. *Kimes* (1885), 100 Ind. 148; *Waugh* v. *Riley* (1879), 68 Ind. 482; *Rusing* v. *Rusing* (1865), 25 Ind. 63. And if that be the effect of the will, the fee would descend to the heirs, who, as appears from the record in this case, would be the widow and the two sons. *Beshore* v. *Lytle, supra;* *Thomas* v. *Thomas* (1886), 108 Ind. 576. That construction should be adopted which would secure entire testacy, if it could be within the rules of law; but for the present we are considering only the fact that the instrument vests a life estate in specific real estate in the two sons, and to that extent, at least, the provisions are entirely separable and valid, without reference to the residuary estate, and to that extent the testator's intention is capable of being carried out. Those provisions have no such connection with the residuary estate that the whole instrument should fail. In any event, the instrument must be held to be partially valid.

If upon tendering a will for probate, resistance being made thereto, profert of the instrument should disclose that no part of it is valid—such validity being wholly committed to the judge, with jurisdiction under our statute not only to probate, but to construe and revoke— it would be an idle ceremony to probate it as a will, when probate thereof must be revoked on application. We therefore hold that where the instrument offered is invalid for any purpose, probate may be denied; but if it is valid for any purpose, it must be probated, and the further jurisdiction of the court properly invoked to construe doubtful provisions or to declare invalid ones void. An instructive case is that of *In re Davis's Will* (1905), 182 N. Y. 468, 75 N. E. 53. In that case the sole devisee and legatee died before the testator, and that fact was set up in resistance of probate. The will had no other provision save the appointment of an executor, and it was contended that as the will was inoperative it should not be probated. One section of the statute of New York gives jurisdiction to surrogates to probate wills, and another section provides: "If a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of *personal property* (our italics), contained in the will of a resident of the state, executed within the state, the surrogate must determine the question upon rendering a decree; unless the decree refuses to admit the will to probate by reason of a failure to prove any of the matters specified in the last section." Code Civ. Pro., §2624.

It will be noted that this section restricts the inquiry to personal property, whereas our statute embraces both wills and testaments, or real and personal property; for while the specific sections respecting resistance to probate, and contests proper, refer only to wills, by another section the term embraces testaments. In that case the court said: "The statute contemplates that unless the

will is admitted to probate there is no power to construe it. Probate logically precedes construction, for otherwise there is no will to construe. There is no authority to construe the will for the purpose of defeating probate, although it may be examined to discover its bearing upon questions relating to its execution, the capacity of the testator and the like." It was held that the collateral issue as to whether the will was operative, could not be inquired into. That owing to the statute in regard to the non-lapsing of legacies, which is practically our own, if by any contingency the legacy could vest, it could not be inquired into, for the reason that it would induce false issues.

Our statute, it will be observed, opens the issue both as to "any other valid objection to its validity, and to the probate thereof," and that, too, as to both real estate and personal property; but so long as it is not disclosed that under no contingency could any part of it operate as a devise or testamentary disposition, probate cannot be denied, and, as the instrument comes to us, such disclosure is not made, for we think that parts of the instrument are valid.

There is still another reason why, in proceedings to contest, the questions depending upon construction should not be brought into the proceeding to test soundness of mind, undue influence, duress, fraud or any other matter going to the execution of the instrument, unless it is invalid in every particular, and that is, that these latter questions are triable by jury, while the matter of construction is wholly within the equity powers of the court. Manifestly the whole matter cannot properly be tried together, for the jury has nothing to do with construction, and the judge, nothing to do with the questions of fact.

It cannot be said to be a case where the court may send certain questions of fact to the jury for its information, for if the proponent fails on the issuable facts sent to the jury, that ends the controversy. If, on the other hand, upon profert of the instrument, it can, under no contingency or cir-

cumstances capable of being shown, operate on any property, or in any of its provisions, and is thereby rendered invalid, that likewise ends the controversy, but in any other event construction must be resorted to after probate.

The statute, it will be noticed, embraces in the same section provision for contesting wills and resisting probate, and it has been held that if probate is resisted, contest cannot afterwards be made by the same party, or parties. *Morell* v. *Morell* (1901), 157 Ind. 179; *Duckworth* v. *Hibbs* (1871), 38 Ind. 78.

It will be noticed that the causes are the same for resisting probate and contesting validity. Under appellees' theory, it would result that if probate is resisted on one ground only, or on all possible grounds, and the will is probated on any ground, it would preclude construction as to any provision, upon the well-established rule that all questions which were or might have been litigated will be regarded as adjudicated; for if on application to probate the objector is required to bring forward all possible grounds, or be foreclosed afterward, then he must maintain the absolute and entire invalidity of the document, or fail utterly, while, under the construction which we place upon the statute, unsuccessful resistance to probate would still leave the matter of validity or invalidity in part, open to construction.

This view precludes the splitting up of issues, the induction of false or collateral issues, and brings to the court in construing the instrument such aid as may be invoked by a disclosure of the situation of the decedent, and the facts and circumstances attending the execution of the instrument, and surrounding the testator, with the view of ascertaining the intention and giving it effect, if this can be done within the established rules of law.

It results that the motion to strike out the second, third, fourth, sixth, seventh and ninth objections should have been sustained, or the demurrers to them sustained.

The judgment is reversed, with direction to the court below to sustain the motions to strike out the second, third, fourth, sixth, seventh and ninth objections, and for further proceedings not inconsistent with this judgment.

## On Petition for Rehearing.

Myers, J.—Upon petition for a rehearing appellees urge that the court is in error in holding that there can be but one matter determined upon contest of or resistance to the probate of a will, where the will, if probated, is valid for any purpose. We adhere to that opinion, the reasons for our holding being pointed out specifically in the opinion.

But it is urged that as this court has frequently held that there can be but one resistance of probate, or contest by a party, the result would be that, even if the will be probated, appellees would be precluded from asserting any other rights they may have. Where the valid provisions of a will are sufficient to carry out some purpose of the testator, and are not so interwoven with invalid provisions that the entire will must be stricken down, there is a marked difference between resistance to the probate of such will, or its contest after probate, and the construction of the provisions thereof. If, as we have held in the main opinion, some of the provisions are valid, it must follow that parties cannot, in the suit to resist probate, have alleged invalid portions of a will construed. After probate, they may raise any question as to the validity of different provisions, under the well-established rule that the doctrine of former adjudication applies only in cases in which matters have been, or could have been determined under the issues formed, as determined by the pleadings. We think it very clear that upon an issue of probate or contest of a will, unless the instrument is wholly ineffective for any

purpose, nothing can be determined except the question of probate or contest to set aside the will and probate. Such proceedings have no effect upon the right to have particular provisions construed, even to the extent of striking them down entirely, if invalid. Hence there could be no error in the case in striking out objections which have no place in the resistance of probate, and questions which may arise upon construction of parts of the will are not affected or concluded by the fact of probate.

The petition is denied.