May Term, 1846.

HALLER
v.
PINE.

---

### HALLER and Another *v.* PINE.

Where an action has been brought for the disturbance of a certain right, and a verdict obtained by the plaintiff under the general issue, and another action is brought by him against the defendant for a subsequent disturbance of the same right to which the general issue is pleaded, the former recovery, though strong evidence to sustain the plaintiff's right in the second suit, is not conclusive against the defendant but may be rebutted by other evidence.

Where a mill is injured by obstructing the stream on which it stands, and suit is brought for the injury, that the mill-dam is a public nuisance is no defence to the suit.

ERROR to the *Martin* Circuit Court.

Monday, July 20.

DEWEY, J.—Case for obstructing a water course to the injury of the plaintiffs' mill. Plea, not guilty. Verdict and judgment for the defendant.

On the trial, the plaintiffs below gave in evidence the record of a cause between them and the defendant for a former injury to the same mill, occasioned by the same obstruction. The plea in that cause was the general issue; and the verdict and judgment were for the plaintiffs. They then asked the Court to instruct the jury, that the record of the former cause was conclusive against the defendant in this action as to all matters which were put in issue on the first trial. The Court refused so to instruct, but charged the jury

May Term,
1846.

HALLER
v.
PINE.

that the record, though strong evidence for the plaintiffs, did not operate as an estoppel on the defendant, was not conclusive as to the plaintiffs' right, and might be rebutted by other evidence.

The question here raised is not free from difficulty, and has given rise to a contrariety of decisions in the *United States*. We think, however, that the preponderance of authority establishes this doctrine—that, when an action has been brought for the disturbance of a certain right, and a verdict obtained for the plaintiff under the general issue, and another action for a subsequent disturbance of the same right is commenced between the same parties, the general issue being pleaded, the first recovery, though strong evidence for the plaintiff in the second action to sustain his right, is not conclusive against the defendant, but may be rebutted by other evidence. *Miles* v. *Rose et al.* 5 Taunt. 705.—*Evelyn* v. *Haynes*, cited in *Outram* v. *Morewood*, 3 East, 364.—*Hooper* v. *Hooper*, M'Clel. & Y. 509, quoted in 2 Harr. Dig. 2801.— 1 Phill. Ev. 322, 323.—2 Stark. Ev. 958.—*Standish* v. *Parker*, 2 Pick. 20.—*Parker* v. *Standish*, 3 *id*. 288. We think the Circuit Court was correct in the instruction given, and in refusing that which was rejected. We do not mean to say, however, that when a precise point is made by the pleading, and found by the verdict, in a cause, the record, when pleaded as an estoppel, or given in evidence when it cannot be so pleaded, is not conclusive as to the same point in another action between the same parties, or those claiming under them. But no precise point is made when both actions are tried under the general issue.

The Court also instructed the jury, that if they believed from the evidence that the plaintiffs' dam obstructed the navigation of the stream on which their mill stood, in that part of it declared navigable by law, they could not recover. We think this charge was wrong. Whether the plaintiffs' dam was a public nuisance was not a question triable in this cause. It is a question, between the public, or some individual especially injured, and the plaintiffs, and must be tried in a more direct manner. *Stiles* v. *Hooker*, 7 Cowen, 266.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Watts*, for the plaintiffs.

*G. G. Dunn* and *H. L. Livingston*, for the defendant.