## MILES v. WINGATE and Another.

When an action has been brought for the disturbance of a certain right, and a verdict obtained for the plaintiff under the general issue, and another action for the disturbance of the same right is commenced between the same parties, the general issue being pleaded, the verdict in the former action is admissible in the second action, as strong, though not conclusive evidence to sustain the plaintiff's right; and it is also admissible to enhance the damages.

A record is an entire thing, and if admissible in evidence for any purpose, all its parts are to be received.

Case for a nuisance occasioned by the defendant's so constructing and maintaining a roof as to cause the water to flow from it against the plaintiffs' house. Plea, not guilty. The plaintiffs were allowed to give in evidence, notwithstanding the defendant's objection, the record of a former recovery in their favor against the defendant, for the same nuisance for the continuance of which the present action was brought. Held, that a bill of exceptions taken in the former case was properly admitted to show the identity of the subject of this suit with that of the former suit, and, as included therein, the venue; but, held, that it was not admissible to show that the evidence was too weak to have supported the action.

ERROR to the *Clay* Circuit Court.

GOOKINS, J.— *Wingate* and *Black* brought an action on the case against *Miles* for a nuisance, alleged to have been caused by the defendant so constructing and maintaining a roof as to cause the water to flow from it against the plaintiffs' house. Plea, not guilty. Verdict for the plaintiffs. Motion for a new trial overruled, and judgment. The record contains the evidence.

On the trial the plaintiffs were permitted to give in evidence, against the defendant's objection, the record of a previous recovery in their favor against the defendant, for the same nuisance for the continuance of which this action was brought; which ruling is now assigned for error. This record contained a bill of exceptions embodying much testimony of the same character as that which was given on the present trial, and, on the general issue pleaded, the plaintiffs had a verdict and judgment. It was decided by this Court, in the case of *Haller* v. *Pine*, 8 Blackf. 175, that when an action has been brought for the disturbance of a certain right, and a verdict obtained for the plaintiff under the general issue, and another action for the disturbance of the same right is commenced between the same parties, the general issue being pleaded, the first recovery is strong, though not conclusive evidence for the plaintiff in the second action to sustain his right. The record was therefore properly admitted. It was also admissible to enhance the damages. Every continuance of a nuisance is held to be a fresh one, and therefore a fresh action will lie; and very exemplary damages will probably be given, if, after one verdict against the defendant he has the hardiness to continue it. 3 Blacks. Comm. 220.— Sedgwick on the Measure of Damages, 144.

It is objected that the bill of exceptions taken on the former trial should not have been admitted. The objection is not well taken. A record is an entire thing, and if admissible for any purpose, all its parts are received. It was proper to show the identity of the subject of this suit with that of the former action. We must presume that

May Term,
1855.

MILES
v.
WINGATE.

*Thursday,*
*June* 14.

May Term,
1855.

MILES
v.
WINGATE.

the Circuit Court informed the jury for what purposes they might regard it as evidence.

It is objected that the evidence did not authorize the verdict, and two particulars are pointed out in which it is supposed to have been insufficient. One is, that certain evidence contained in the bill of exceptions, which was embodied in the record of the former recovery, shows that the defendant's house was erected first, and that the plaintiffs' house encroaches nine inches upon the defendant's lot, which subjects it to the injury complained of. Suppose the appellant could make the proposed use of that evidence, we think it does not prove his assumption. A witness testified that he and another had found what they believed to be a stake indicating the corner of the lot, but that he did not know that it was such. The jury on that trial doubtless gave due weight to this evidence, and their verdict was for the plaintiffs. But the bill of exceptions was not admissible for that purpose. We have already shown for what purpose the plaintiffs might use it.

The other point in which the evidence is supposed to be defective, is, that the property was not proved to have been situated in *Clay* county, and that the action being local, the verdict was wrong. Without stopping to inquire whether this action is local or transitory, we think the venue is proved. Mr. *Hanna* testified that the property for the injury to which this action is brought, was the same which was in controversy in the former suit, and the record of that suit showed that it was situated in *Clay* county. We have shown that that record was admissible to prove the identity of the subject-matter in the two cases; hence the venue was proved.

It is further urged that the evidence shows that the injury did not result wholly from the conduct of the defendant, but in part from the carelessness of the plaintiffs. There was evidence tending to prove that state of facts; but it has been weighed by the jury, and there is no such preponderance in favor of the position assumed as will authorize us to disturb the verdict.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. M. Hanna*, for the plaintiff.

*J. P. Usher*, for the defendants.