Nov. Term,
1858.

TENANT
v.
RUMFIELD.

---

TENANT v. RUMFIELD and Another.

Suit for the possession of personal property. The plaintiff offered in evidence the record of a chattel mortgage embracing the property, and also a certified copy of the same. Objection sustained. *Held*, that either was admissible under § 283, 2 R. S. p. 92, and § 10, 1 R. S. p. 301.

*Wednesday,*
*November 24.*

APPEAL from the *Noble* Court of Common Pleas.

DAVISON, J.—*Tenant* sued the appellees, who were the defendants, for the recovery of two horses, one two-horse wagon, and two cows—the whole of the value of 200 dollars. Issues being made, the case was submitted to a jury, who found for the defendants; and the Court, having refused a new trial, rendered judgment on the verdict.

In the record there is a bill of exceptions which shows that during the trial the plaintiff produced one *Henry Heltzell*, the recorder of *Noble* county, who proved that the records of deeds and mortgages of that county were kept in his office, under his control, and that a certain mortgage record then in Court, and brought there by him, is the record of said county. Thereupon the plaintiff, to establish his claim to the property in dispute, offered the mortgage record thus in Court in evidence to the jury, for the purpose of proving the existence of a chattel mortgage executed by the defendants to the plaintiff, on the 19th of *April*, 1855, and embracing the property described in the complaint, and also for the purpose of showing that said mortgage had been recorded within the time prescribed by law, &c. An objection to the admission of this evidence having been sustained, the plaintiff offered a certified copy

of the record of the mortgage, which was also refused. These rulings are severally assigned for error.

Nov. Term, 1858.

TENANT
v.
RUMFIELD.

The appellant, in his brief, says: "It is only necessary to notice the first alleged error; for if a certified copy of the record ought to have been admitted in evidence, certainly the record itself was admissible." This reasoning may be correct, still it is evident that neither the record nor a certified copy should be admitted unless such admission is authorized by some statutory rule of practice. We are referred to §§ 30, 31, 32, 1 R. S. p. 237; but these sections relate exclusively to records of conveyances of real estate, and cannot, therefore, authorize, as evidence, the record of a chattel mortgage. There is, however, another section of the code which provides that "exemplifications or copies of records, and of deeds or other instruments, which are kept in any public office in this state, shall be proved or admitted as legal evidence in any Court, &c., by the attestation of the keeper of said records, deeds, or other instruments, that the same are true and complete copies of the records, &c., in his custody, &c. 2 R. S. p. 92, § 283. We have a statute which requires mortgages of personal property to be recorded. 1 R. S. p. 301, § 10. And when recorded, they evidently become records within the purview of the enactment just quoted. It follows that the proposed evidence should have been admitted. Under the statute, not only the certified copy of the mortgage record, but the record itself was legal evidence.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. B. Howe*, for the appellant.

*R. Parrett*, for the appellees.