No. 14,443.

SUMMERS v. COPELAND AT AL.

WILL.—Contest of.—Pleading.—Complaint.—Copies of Deeds, etc., Set Out in Will.—Surplusage.—In an action under section 2596, R. S. 1881, to contest the validity of a will, it is not necessary to set out with the complaint a copy of the will, and hence it is unnecessary to set out copies of deeds, or writings, referred to in the will, and if they are so set out they may be properly struck out on motion.

SAME.—Demurrers for Misjoinder.—General Statute as to Does Not Apply.— Such action being a special proceeding, the general statute as to the joinder of causes of action, and a demurrer for misjoinder, and providing for causing actions improperly joined to be separately docketed, does not apply to the extent of making it error to strike out of a complaint to contest a will surplus matter, even though it might state a cause of action for some other purpose.

SAME.— Will and Probate.—Admissibility of in Evidence.—In an action to contest a will, on the ground of the unsoundness of mind of the testator, it is not error to admit in evidence the will, and probate thereof, although the probate contains the ex parte affidavit of one of the witnesses, stating that the testator was of sound mind at the time of the execution of the will. Where the record of a will is offered

in evidence the probate and will can not be severed, and the will admitted and the probate rejected.

From the Shelby Circuit Court.

B. F. Love, A. Major, H. C. Morrison, J. W. Kern, and O. J. Glessner, for appellant.

T. B. Adams, for appellees. .

OLDS, J.—This is an action brought by the appellant against the appellees Milton L. Copeland, Jr., as executor of the last will of Milton L. Copeland, Sr., Milton L. Copeland, Jr., individually, and the other devisees and legatees of said Milton L. Copeland, Sr., to contest the last will and codicils added thereto of said Milton L. Copeland, Sr., deceased.

The complaint sets out with great particularity the terms of the will, stating that in item five of the will it is set forth that the testator makes no provision for his son Milton L. Copeland, Jr., and that he desires him to take no part of his estate by reason of a deed and advancement made to him by the testator of the same date of the will for 160 acres of land known as testator's home farm, also stating that such advancement is of greater value than his share of testator's estate, and that said Milton L., Jr., had, of the same date of the will, executed his obligations, agreeing to pay the sums bequeathed to other legatees by other items of the will, which sums are made a charge upon the land, and alleging the execution of a deed on said day of the execution of the will to said Milton L., Jr., for the home farm, and that Milton L., Jr., also executed to his father a mortgage securing the amounts he was to pay.

It is further alleged that subsequently to the execution of the will, said testator married a second wife, and afterwards executed a codicil, and he and his second wife also executed a quitclaim deed to said Milton L., Jr., for the home farm, and copies of all of these various written instruments, will,

codicil, deeds and mortgage are set out as exhibits to the complaint.

The appellees made a motion directed to each separately to strike out the several allegations as to the deeds and mortgage and the exhibits, and the court sustained the motion. The appellant reserved an exception to the ruling of the court, and assigns the same as error.

It is earnestly contended by counsel for the appellant that the court erred in striking out such portions of the complaint. It is insisted, and ably argued, that such writings were incorporated into, and became a part of, the will, and that their validity depends upon the validity of the will. It is further contended that even if such is not the case, the complaint stated a good cause of action for setting aside the deeds, and it was simply a misjoinder of causes of actions, which could only be reached by demurrer, and that it was error to strike the same out of the complaint on motion.

We can not agree with the contention of counsel for the appellant.

Under the statutes of this State special provisions are made for the contesting of wills, and the statute (section 2596, R. S. 1881) declares what is sufficient to allege in a complaint to contest a will. Such complaint is not founded upon a written contract within the meaning of section 362, R. S. 1881, making it necessary to set out a copy of the will. It not being necessary to set out a copy of the will with the complaint, it certainly is not necessary to set out copies of deeds or writings referred to in the will sought to be contested and set aside.

If, as contended by counsel, these written instruments are incorporated in and made a part of the will, and their validity depends upon the validity of the will, then they must stand or fall with the will, but this reasoning does not make it necessary to set out a copy of such instruments with and as part of the complaint to contest the will, and if referred to

and set out with the complaint they are mere surplusage and may be properly struck out on motion.

This action was brought to contest and set aside the will of Milton L. Copeland, Sr., on the grounds that he was of unsound mind at the time of its execution, and that it was unduly executed; that is the theory and purpose of the complaint, and it is a special proceeding under the statute. No other cause of action could be joined with it, and all unnecessary and superfluous averments and exhibits contained in and made a part of the complaint simply unnecessarily encumber the record, and as we have stated may be properly struck out on motion, even though such averments and exhibits constituted a good cause of action for some other purpose. It being a special proceeding under section 2596, *supra*, of the statutes, the general statute as to the joinder of causes of action, and a demurrer for misjoinder of the same, and providing for causing the actions improperly joined to be separately docketed, does not apply to the extent of making it error to strike out of a complaint to contest a will surplus matter, even though it might state a cause of action for some other purpose, as contended by counsel for appellant. The theory and purpose of the complaint being to contest a will on the grounds of the unsoundness of mind of the testator, and on account of it having been unduly executed, the pleader will be held to that theory, and if he includes in his complaint averments wholly unnecessary for such purpose, he will not be entitled to a reversal of the judgment because the court, on motion, struck out such unnecessary averments. There was no error in the ruling of the court in sustaining the motion to strike out parts of the complaint.

The only other alleged error complained of and discussed is that the court admitted in evidence, on behalf of the appellees, the record of the will and probate thereof over the objection and exception of the appellant.

The appellees offered in evidence the will and codicil, and

the probate thereof, and the court admitted the same. Special objection was made to the introduction of the record of probate. It is earnestly contended that the court erred in admitting the same. It is contended that the probate contains the *ex parte* affidavit of one of the subscribing witnesses to the will, stating, among other things, that the testator was of sound mind at the time of the execution of the will, and that this tends directly to disprove the averments of the complaint, and the contention of the appellant, and that it is improper evidence. We are referred to the case of *Curry* v. *Bratney*, 29 Ind. 195, as decisive of the question favorable to the appellant, but we do not think this case decisive of the question. In that case it is said : " A cause assigned for a new trial was that the court erred in allowing the will to go in evidence without the probate thereof. We do not deem that proceeding erroneous in such a case. Had either party been claiming some right by virtue of the will, the question would have been different. But in this case the question was as to the validity of the will, and the instrument itself would ordinarily afford some evidence as to the sanity of the person who executed it. Doubtless it was with that view that it was offered. But the probate thereof was altogether different, and, for the purposes of this case, a distinct thing, most likely to weigh upon the other side, and we think that the contestant was not bound to use it as evidence."

As appears from the statement in the opinion, the will itself, and not the record of the will and probate, was offered in evidence, and the appellant objected, unless the appellee would also introduce the record of probate, and it was held that the will is competent evidence, and we think this ruling correct. The will is, no doubt, competent evidence in such a case. In that case it does not appear that the record of the will was offered. In this case the record of the will and codicil, and the probate thereof, were offered in evidence ; it constituted one complete record. The only thing that made

the record of the will proper was the probate, and the probate was all that showed the record of the will to be the will of Milton L. Copeland, and it was the probate which entitled it to record. The portion of the record containing a copy of the will was only entitled to go in evidence, by reason of the affidavit showing it to have been properly probated and entered of record. And when the record of a will is offered in evidence, the probate and the will can no more be severed, and the will admitted and the probate rejected, than the record of a deed or other written instrument can be severed from the certificate of acknowledgment of the officer attached thereto entitling the same to record. It is not contended but that the record of the will was properly admissible in evidence, and that it was proper evidence, we think, there can be no doubt. Section 2589, R. S. 1881; *Tenant* v. *Rumfield*, 11 Ind. 130. The record being competent evidence, it was admissible as a whole. *Miles* v. *Wingate*, 6 Ind. 458; *Cline* v. *Gibson*, 23 Ind. 11; *Glidewell* v. *Spaugh*, 26 Ind. 319; *Foot* v. *Glover*, 4 Blackf. 313. There was no error in the ruling of the court in admitting the complete record of the will, codicil and probate thereof.

If the appellant had requested the court, at the proper time, to have instructed the jury as to the effect to be given to the record of probate, and that the same could not be considered by the jury as evidence tending to prove the sanity of the testator at the time of the execution of the will, and the court had refused to give such instructions, such refusal might have been error, but for aught that appears in the record such an instruction may have been given to the jury.

This case is brought to this court upon reserved questions of law under the provisions of section 630, R. S. 1881, and it is suggested by counsel for appellees that the questions are not properly presented, but in view of the conclusion we have reached we have not deemed it necessary to consider

and decide the question of practice as to whether there has been a full compliance with the provisions of said section in reserving the questions. For proper practice in reserving questions of law under this section see *Shugart* v. *Miles, ante,* p. 445.

There is no error in the record.

Judgment affirmed, with costs.

Filed Oct. 18, 1890.