## BRADLEY ET AL. *v.* ONSTOTT ET AL.

[No. 22,138. Filed January 6, 1914.]

1. APPEAL.—*Questions Presented.—Sufficiency of Evidence.—Briefs.* —Where the sufficiency of the evidence to sustain the verdict is questioned on appeal, appellants' brief should contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. p. 689.

2. APPEAL. — *Review. — Evidence. — Verdict.—Conclusiveness.*—On appeal the court cannot disturb a verdict on the evidence where the evidence is conflicting. p. 689.

3. APPEAL.—*Questions Reviewable.—Ruling on Pleadings.—Manner of Presenting Question.*—Rulings on demurrers or motions addressed to pleadings should be presented on appeal by independent assignment of error, and cannot be made causes for a new trial, so that where defendants assigned the denial of their motion for leave to withdraw an answer admitting the allegations of the complaint, and to file a general denial, as a ground for new trial, no question was thereby presented on appeal. p. 690.

4. APPEAL.—*Questions Reviewable.—Ruling on Pleadings.—Motion for New Trial.—"Error of Law Occurring at the Trial."*— The fact that a motion for leave to withdraw an answer was not presented until after the jury had been sworn does not render the ruling thereon cause for a new trial as being an "error of law occurring at the trial." p. 691.

5. EVIDENCE.—*Relevancy.—Collateral Issue.*—Where the sole issue presented to the jury for trial in a will contest was whether the will had been duly executed by a testator who possessed at the time testamentary capacity, testimony offered by defendants for the purpose of showing that they had not consented to the filing of an answer admitting the allegations of the complaint, was irrelevant and properly excluded. p. 691.

6. Appeal.—Review.—Instruction.—Refusal.—In the trial of a will contest, where there was an answer by some of the defendants admitting the allegations of the complaint, instructions tendered by them for the purpose of eliminating such answer from the case, on the ground that they had not consented to the filing of same, were properly refused. p. 692.

7. Appeal.—Review.—Refusal of Instructions.—The refusal of requested instructions is not error, where they were fully covered by the instructions given. p. 693.

8. Appeal.—Review.—Instructions.—Where an answer was filed by some of the defendants admitting the allegations of the complaint, it was not error for the court to give an instruction stating the issues and stating the filing of such answer. p. 693.

9. Appeal.—Review.—Instructions.—Limiting Effect of Pleading. —Where, in a will contest, some of the defendants filed answer admitting the allegations of the complaint, an instruction that the jury should not consider such answer against the defendant who did not join therein and that it was in no way binding on such defendant, was correctly given. p. 693.

10. Wills.—Contest.—Instructions.—Evidence of Probate.—There is no error in instructing the jury in a will contest, based upon the ground of testamentary incapacity, that the fact that the will had been probated would not uphold the will or render it valid, and that the record of the probate could not be considered as evidence tending to prove the sanity of the testator at the time of the execution of such will. p. 693.

11. Wills.—Contest.—Instructions.—Testamentary Capacity.—In the trial of a will contest upon the ground of testamentary incapacity, an instruction that the law recognizes a man's children, and their descendants, as the natural objects of his bounty, and that a disinheritance of such children or their descendants without any reason therefor, if shown, was evidence which the jury had a right to consider on the question of testamentary capacity, was not erroneous. p. 694.

12. Wills.—Contest.—Instructions.—An instruction in a will contest that a man may have sufficient mind to know and comprehend that he is making a will and thereby disposing of his property, giving it to some of the natural objects of his bounty to the exclusion of others, and have an object in so doing which he fully comprehends, and yet be prompted in so doing by some form of monomania, and that if the monomania affected in any way or entered into the making of the will, it would be invalid, was not objectionable as being contradictory and confusing. p. 694.

From Shelby Circuit Court; *Alonzo Blair*, Judge.

Action by Elihu Onstott and others against Samuel S. Bradley and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*David L. Wilson, Elmer J. Binford, Thomas E. Glasscock* and *Jesse Sanford,* for appellants.

*Cook & Cook* and *Hord & Adams,* for appellees.

Cox, J.—This was a proceeding brought by appellees to contest the last will of William Bradley, deceased, and to set aside the probate of it, on the grounds of his mental unsoundness and undue execution. A trial resulted in a verdict and judgment favorable to the contestors. In this court the only error assigned and relied on for reversal is the action of the trial court in overruling appellants' motion for a new trial.

Among the causes for a new trial which were stated in the motion and are now relied on for reversal is the insufficiency of the evidence in fact and law to sustain the verdict.

1. Counsel for appellees claim, and the claim must be sustained, that the brief for appellants does not comply with clause 5, Rule 22 of this court which provides that, if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the brief of appellant shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. *Ireland* v. *Huffman* (1909), 172 Ind. 278, 88 N. E. 508; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142; 100 N. E. 465; *Conner* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338, 70 N. E. 376; *Welch* v. *State, ex rel.* (1905), 164 Ind. 104, 72 N. E. 1043.

The verdict of the jury was based on the alleged unsoundness of mind of the decedent; and while appellants' brief does not present a full compliance with the rule in

2. presenting a condensed recital of the evidence, it does, when supplemented in this respect by the brief of

Vol. 180—44

appellees, show that the evidence was conflicting on this question and, therefore, this court has no authority to disturb it.

The action was instituted in the Hancock Circuit Court and there, as shown by the record, an answer of general denial was filed by appellant, Ginley, through her attorneys; and in that court, also, an answer signed in person by all the appellants and other defendants, other than appellant, Ginley, was filed, which answer admitted the facts averred in the complaint and asked that the parties signing it be relieved from costs. Subsequently the venue was changed to the Shelby Circuit Court where, without other pleadings on the part of appellants, the cause came on for trial and a jury was empaneled and sworn to try the same, whereupon, appellants other than appellant, Ginley, asked leave, by motion in writing, to withdraw the answer which admitted the truth of the facts averred in the complaint and to file a general denial instead. This motion was supported by affidavits and appellees filed a verified showing in opposition to it. The issue thus raised was not the genuineness of the answer and the signatures to it, but whether the filing of it was authorized by the signers. The court overruled the motion, refused to permit the withdrawal of the answer or permit the filing of general denials by these parties, and this action is made cause for a new trial and is earnestly urged at great length as reversible error. Counsel for appellees, while insisting that under the facts presented and upon which the trial court acted in the matter, the action taken was in no sense erroneous, claim that the question is not one which can be presented as cause for a new trial and so reviewed by this court, but must be presented by an independent assignment of error in this court. In this counsel are right and, appellants not having made such an assignment, the question cannot be considered. In Elliott, App. Proc. §348, it is said: "Causes improperly assigned in a motion for a new trial

can not be regarded, and rulings upon demurrers or motions addressed to the pleadings can not be made causes for a new trial. Rulings on the pleadings do not pertain to the trial in such a sense as to make it proper to assign them as causes for a new trial and hence it will accomplish nothing to incorporate them in the motion. It is correctly held, as is evident from the considerations just stated, that rulings on the pleadings must form the basis for independent and distinct specifications of error.'' See, also, Ewbank's Manual §§39, 133; *Fireman's Fund Ins. Co.* v. *Finkelstein* (1905), 164 Ind. 376, 73 N. E. 814; *Reed* v. *Light* (1908), 170 Ind. 550, 85 N. E. 9; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 40 N. E. 128; *Lupton* v. *Coffel* (1911), 47 Ind. App. 446, 94 N. E. 799. In *Standard Oil Co.* v. *Bowker, supra,* it was said: ''Rulings upon demurrers and motions addressed to the pleadings in the making up of the issues can not be regarded as proper parts of the trial and have no place properly in a motion for a new trial.'' We are not impressed by the

4. argument of counsel that as this motion was not made until after the jury had been sworn, the action of the court was, ''error of law occurring at the trial,'' to be cause for a new trial, and that it is to be distinguished from a like ruling made before the submission of the cause to the jury. It could none the less be a motion addressed to the pleadings in the making up of the issues because postponed until the jury was sworn. The contention of counsel, if granted, would present the anomaly of a party to a cause securing a double review of a ruling denying such a motion by a short delay in making it, when, if timely made, he would have but one.

On the trial the court sustained objection by appellees to fifty-one questions propounded to various witnesses, the purpose of which was to elicit testimony in support

5. of the claim of appellants who had asked leave to withdraw the answer admitting the facts averred in

the complaint, that such answer had been filed without their consent. Exception was taken to these rulings of the court and they were made the bases of as many causes for a new trial. Much of appellants' long brief is devoted to earnest insistence that this was error which should compel a reversal and a new trial of the cause. The contention of counsel cannot be sustained. The sole issue presented to the jury for trial and determination was whether the will had been duly executed by a testator who possessed at the time testamentary capacity. The testimony offered was not relevant to this issue but was upon an entirely collateral one which, obviously, it was the duty and the province of the court to determine before it could pass intelligently on appellants' motion. This it had done. Had this not, strictly, been a question for the court, still one of the accepted rules of evidence would sustain its exclusion from the jury in this case. The rule is thus stated in a late work on evidence: "As an administrative matter, it is confessedly the duty of the court to prevent the jury from becoming confused and possibly misled. Chief among the causes from which such a danger may be apprehended is the reception in evidence of a collateral proposition or transaction. So far as the party against whom this is offered has the right to controvert it, there is danger that the trial may be embarrassed and the truth of the finding rendered uncertain by the fact that the jury is practically called upon to try two issues at once. Against such a result the court will be careful to protect the rights of the parties. Moreover the administrative duty to expedite the trial requires that it shall not be protracted by collateral issues." 4 Chamberlayne, Mod. Law of Ev. §3154.

What has been said in relation to the two questions just preceding, determines against appellants their claim that the court erred in refusing to give to the jury instruction No. 23, tendered by them the purpose of which was to eliminate from the case the answer ad-

mitting the truth of the averments of the complaint. Complaint is also made of the rejection of instructions Nos. 6 and 8 tendered by appellants, but it is without just cause, for they were fully covered by clear and accurate instructions given by the court of its own motion. Instruction No. 4 given by the court of its own motion was one of the preliminary instructions in which the issues were stated. It stated the filing of the answer of part of appellants, admitting the facts averred in the complaint. Giving it was no error. The court's instruction No. 10 correctly told the jury that it should not consider this answer against the defendant who had filed a general denial as such answer was in no way binding on that defendant. The claim of counsel that the giving of this instruction was error is without support.

Instruction No. 12 given by the court was as follows: "If the plaintiffs, in this cause, have proven by a fair preponderance of the evidence, the charge that William Bradley had not sufficient mental capacity to execute the will in suit, at the time he signed it, then such will would be invalid in law, and you should so find. And if such proof has been made, the fact, if it be a fact, that the will has been heretofore probated in the Hancock Circuit Court, would not uphold the will, or render it valid. I instruct you that the record of the probate of the will in question cannot be considered by you as evidence tending to prove the sanity of the testator, William Bradley, at the time of the execution of said will." It is earnestly contended that the last sentence of this instruction was, palpably, a harmful error against appellants. We do not so consider it. The will, with the affidavit of an attesting witness and certificate of the clerk of the Hancock Circuit Court showing an *ex parte* probate before that officer, had been introduced in evidence without objection. In a proceeding to contest the validity of a will,

the fact of a prior *ex parte* probate can add nothing on the question of testamentary capacity to the presumption which generally prevails in favor of mental soundness and which the contestors must, to succeed on that issue, overcome and establish the lack of testamentary capacity by a preponderance of the proof. This court has recognized the correctness of an instruction such as that part of the above instruction of which complaint is made. *Summers* v. *Copeland* (1890), 125 Ind. 466, 471, 25 N. E. 555.

Objection is made to instruction No. 16 which the court gave of its own motion. By it the court told the jury in substance that a man's children, and their descendants, the law recognizes as the natural objects of his bounty, and that a disinheritance of such children or their descendants without any reason therefor, if shown, became part of the evidence which the jury had a right to consider on the question of testamentary capacity. The instruction was not an erroneous statement of the law. *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177, and cases there cited. But counsel for appellants contend that the instruction by its terms unduly emphasized this element of the case. This position is founded on a strained construction of the language used in the instruction. Moreover the instruction was supplemented by instructions Nos. 17 and 20 which covered the question as fully and as favorably to appellants as the most liberal interpretation of the law would authorize, and it is inconceivable that appellants were harmed by the rather trivial objection to the instruction.

Complaint is made of instruction No. 23 which the court gave to the jury and which was as follows: "A man may have sufficient mind to know and comprehend that he is making a will and thereby disposing of his property, giving it to some of the natural objects of his bounty to the exclusion of others, and have an object in so doing which he fully comprehends, and yet be

prompted so to dispose of his property by some form of monomania. And if the monomania affected in any way or entered into the making of the will, such will would be invalid and should be set aside.'' The criticism of this instruction which counsel make is that it is contradictory and confusing. The instruction is identical with an instruction given in *Swygart* v. *Willard* (1906), 166 Ind. 25, 36, 76 N. E. 755, and correctly held by this court, in the opinion in that case, not to be subject to the objection made.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 798. See, also, under **(1)** 2 Cyc. 1013; (2) 3 Cyc. 348; (3) 2 Cyc. 982, 1000; (5) 16 Cyc. 1110; (7) 38 Cyc. 1711; (8) 38 Cyc. 1610; (10) 40 Cyc. 1287, 1335; (11) 40 Cyc. 1034; (12) 40 Cyc. 1334, 1335. As to testamentary capacity and insane delusions, see 63 Am. St. 94.