## RENNER *v.* HANNA ET AL.

[No. 23,022. Filed January 30, 1917.]

1. WILLS.—*Contest.—Complaint.—Striking out Matter.—Exhibits.*—In an action to contest a will, neither the will nor deeds referred to therein are the foundation of the action, and copies thereof filed with the complaint as exhibits may be struck out on motion, nor may such deeds be properly set out in the complaint in order that the will may be construed, since the construction of a will is not in issue in a proceeding to contest. p. 45.

2. WILLS.—*Contest.—Statutory Provisions.*—An action to contest a will is a special proceeding, and the statutory provisions relating thereto will be closely followed. p. 47.

3. APPEAL.—*Action to Contest Will.—Harmless Error.—Striking Matter from Complaint.*—In an action to contest a will, striking from the complaint allegations of wrongful and fraudulent conduct in procuring certain deeds referred to in the complaint was harmless to contestant where such facts were provable under the general statutory allegations remaining. p. 47.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by Emma S. Renner against Sarah C. Hanna and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Willis Hickam, Hubert Hickam, J. E. Sedwick* and *A. M. Bain,* for appellant.

*Will H. Pigg* and *S. C. Kivett,* for appellees.

HARVEY, J.—Appellant was plaintiff and contestant of a probated will in the trial court. The trial resulted in a verdict and a judgment sustaining the will. Appellant describes the action as one to contest a will; and this is evidently the proper theory of the complaint.

The plaintiff alleged all the statutory grounds for contesting the will, using the language of the statute for such purpose; and in addition thereto alleged that said will purported to dispose of all the testator's property; that it purported to devise certain real estate to Sarah C. Hanna. The language of the will in this respect is:

> "It is my will that my daughter, Sarah C. Hanna, take no part of my estate, she having been fully provided for by deed to certain lands, of date of May 2nd, 1908, which was reckoned at the purchase price in consideration of her agreement to aid in caring for me and my wife, Harriet Haase, in our old age, and she having paid me for subsequent improvements on said land, and said deed is her share of my estate in full."

The same allegation is made as to a devise of real estate to Lewis Haase, the provision in the will as to this being as follows:

> "It is my will that my son, Lewis Haase, take no part of my estate, he having been fully provided for by deed to certain lands of date of May 2nd, 1908, which was reckoned at the purchase price, and he having paid for subsequent improvements on said land, said deed is his share in full."

The will made a provision of $100 in cash for the wife, and the "rest and residue" of the estate was by the will given to certain other children.

The complaint further alleges that said deeds were without consideration; that they were not delivered until after the death of the testator, which occurred October 29, 1912; that the grantee at no time took possession of said lands, but that possession thereof remained in the testator until his death; that said deeds are of no force and effect, except as vitality is given them by the terms of the will; that the making of the will was unduly influenced by said devisees and others for the fraudulent purpose of obtaining more of the estate than the legal share of said devisees; that said devisees and others so induced said provisions of the will for the purpose of giving validity to the deeds; that the execution of the deeds and the will constituted "one and the same transaction." The will and the deeds are, by copies, made parts of the complaint as exhibits "A" "B" and "C," respectively. "Appellant relies solely for a reversal upon" alleged "error of the court in striking out parts of the second amended complaint," and presents this question by each of her assignments of error. The motion to strike out embraced all the allegations relating to the deeds, the substance thereof being above stated.

1. Treating this complaint as one to contest a will, the rules bearing upon such motion to strike out are as follows: The will is not the foundation of the action. A copy of the will filed with the complaint as a part thereof did not become a part of the complaint. *Schmidt* v. *Bomersbach* (1878), 64 Ind. 53. *Summers* v. *Copeland* (1890), 125 Ind. 466, 25 N. E. 555. By the same rule deeds referred to in the will and set out as exhibits in the complaint are not parts of the complaint, and it

is not error to sustain a motion to strike them out. *Summers* v. *Copeland, supra.*

Counsel for appellant cite *Wheeler* v. *Loesch* (1912), 51 Ind. App. 262, 99 N. E. 502, in favor of their position. In that case the court was dealing with deeds which were delivered in escrow during the testator's life. The title had vested in the grantees, and the lands described were not a part of testator's estate at his death. "The deeds were valid, as such, and were not a part of the will, though mentioned in it," and therefore the Appellate Court held that it was proper to strike from the complaint the reference to the deeds. The statement in the foregoing decision that it is error to strike out deeds which did not pass title prior to testator's death, and which were part of the testamentary disposition of the property, is not controlling in view of the facts involved.

Counsel assert that the deeds are ineffective, as such, and derive force only by virtue of being incorporated into the will by the language of the will itself, and are testamentary in character and a part of the will, and are thus subject to contest with the other parts of the will.

It does not follow, however, that, because reference to the deeds is necessary, as measuring the "rest and residue" of the estate, the deeds were so far a part of the will that they must be recorded in the clerk's office as a part of the will. The will, if sustained, is complete in itself in that it identifies the deeds referred to. The deeds, whether recorded or not, when produced in any proceeding in connection with the will show the property to be subtracted from the estate in ascertaining the "rest and residue".

Counsel argue that it is proper to set out these deeds in the complaint to contest the will, in order that the will may be construed. The construction of the will is

not in issue in a proceeding to contest. *Clearspring Tp.* v. *Blough* (1909), 173 Ind. 15, 88 N. E. 511, 89 N. E. 369. It is not inconsistent with the above rule to hold that when the will and such other papers as are by its terms and, in a sense, a part of it, or such as may be necessary to a clear understanding of it, are offered in evidence, the court shall construe the will and such other papers as the court did in *Ditton* v. *Hart* (1910), 175 Ind. 181, 191, 93 N. E. 961, for the information of the jury, in order that the jury may determine the issue of testamentary capacity and undue influence. The verdict, however, is to the effect only that the will is valid, or invalid, and its construction for other purposes, if valid, is open to later proceedings.

2. It is well that the special character of a proceeding to contest a will be regarded; that the statutory provisions be closely adhered to. Confusion will probably result from any other practice.

3. The allegations of the complaint that the deeds were procured by wrongful and fraudulent conduct were stricken out by virtue of the ruling hereinbefore mentioned. The striking out of these allegations of wrongful and fraudulent conduct in the procuring of the deeds was not harmful to contestant, as such matters were provable under the general statutory allegations remaining in the complaint. *Clearspring Tp.* v. *Blough, supra* 24, and cases cited.

There being no error in sustaining the motion to strike out part of the complaint, the judgment of the trial court is affirmed.

NOTE.—Reported in 114 N. E. 976. See under (1) 31 Cyc 637.