FREYBERGER *v.* ZIEGLER ET AL.

[No. 16,685. Filed October 21, 1941.]

508

*Louis A. Savage,* of Jasper, and *A. R. Stimson,* of Huntingburg, for appellant.

*W. E. Cox* and *S. T. Kuiken,* both of Jasper, for appellees.

FLANAGAN, J.—Appellant brought this action seeking an injunction to prevent appellees from using a private roadway located upon and across certain real estate in Dubois County owned by the appellant but used by appellees to gain access to part of their farm which adjoins appellant's property. Appellees sought by cross-complaint to quiet title in an easement in the roadway in question alleged to have been obtained by prescription. The trial court found for appellees, granted the relief requested, and this appeal followed.

The sole error relied upon for reversal is the overruling of appellant's motion for a new trial.

The first two grounds set forth are that the court erred in overruling, (1) appellant's motion to strike out parts of appellees' amended cross-complaint, and (2) appellant's motion to require appellees to file an abstract of title to their real estate. These motions relate to the pleadings. Error in rulings on them are not properly assignable as reasons for a new trial, and therefore no questions are here presented in regard to such rulings. § 2-2401, Burns' 1933, § 368, Baldwin's 1934; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 142, 72 N. E. 869; *Bradley* v. *Onstott* (1914), 180 Ind. 687, 691, 103 N. E. 798; *Indiana etc. Gas Co.* v. *Anthony* (1901), 26 Ind. App. 307, 318; 58 N. E. 868.

Appellant next complains of the ruling of the trial court in permitting a witness to answer the following question: "Did you ever see tractors going over the land of Mr. Freyberger to the Ziegler home?" The reason given for the objection was that the inquiry should be confined to use of the roadway by appellees and that evidence as to its use by the general

public was irrelevant. Whether or not the objection was well taken is not material here for the reason that the answer of the witness was that he did not remember seeing anything, an answer which could not be harmful to appellant.

The only other question presented is the sufficiency of the evidence to sustain the court's finding.

Appellant insists that the evidence does not disclose uninterrupted adverse use of the involved real estate, under claim of right, for the required period of twenty years before the commencement of the action so as to establish the existence of an easement by adverse user. He points to evidence of a change in the exact location of the roadway, of the closing of the road for two days in 1921 or 1922, of the payment of rent by appellees for the use of the roadway during part of the time, etc. The evidence pointed out by appellant is in the record as he contends, but these facts are disputed; and there is abundant evidence of the continuous adverse use of the roadway in question, under claim of title, by appellees and the prior owners of their farm for forty years before commencement of this action.

This court cannot weigh conflicting evidence and will not disturb the finding of the trial court where there is any competent evidence to support it. This rule is so firmly established that no citation of authority to support it is required.

Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 36 N. E. (2d) 941.