William L. McCOY, George M. McCoy, Mildred Robison, and Betty Hayes, Plaintiffs-Appellants,

v.

Dr. Jerry L. LIKE, Personal Representative of the Estate of Martha J. McCoy; June Joslin; Georgialee Like; Jerri Sue McCoy, and Jerry L. Like, Defendants-Appellees.

No. 28A01–8704–CV–00098.

Court of Appeals of Indiana, First District.

Aug. 12, 1987.

Rehearing Denied Oct. 21, 1987.

Steven C. Bradley, Price and Bradley, Jasper, for plaintiffs-appellants.

Jeffrey B. Kolb, Emison Doolittle & Kolb, L. Edward Cummings, Kimmell, Funk & Cummings, Vincennes, for defendants-appellees.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

William McCoy, George McCoy, Mildred Robison, and Betty Hayes appeal the dismissal of a portion of their cause of action. We reverse.

FACTS

The facts as set forth in the plaintiffs' amended complaint reveal that Martha McCoy died in a nursing home at the age of seventy-nine (79) in Knox County on July 11, 1985. The following day, her will, dated February 16, 1984, was probated in the Knox Circuit Court. Dr. Jerry Like was appointed personal representative of the estate pursuant to the terms of the will. Dr. Like exercised Martha McCoy's power of attorney from November 17, 1983 until her death. Also on November 17, 1983, Martha, as seller, entered into a contract for the conditional sale of over 120 acres of real estate with Dr. Like and his wife,

Georgialee. Martha McCoy was Georgialee's aunt. Less than one month later, the same parties amended the agreement by lowering substantially the purchase price. Dr. Like and his wife never made any payments to Martha on the contract.

Martha McCoy's will which was executed in 1984 bequeathed the balance due on the land contract to her three nieces, June Joslin, Jerri Sue McCoy, and Georgialee Like. The will bequeathed the remainder of the estate to all of her nephews and nieces in equal shares. Dr. Like was nominated as her personal representative.

Martha previously had executed a will in 1976, prior to her close association with Dr. Like. In that will, Martha bequeathed all of her property to her nephews and nieces in equal shares. Jerri Sue McCoy, her niece, and William McCoy, her nephew, were nominated as her personal representatives.

William McCoy, George McCoy, Mildred Robison, and Betty Hayes (hereinafter referred to as the plaintiffs), were Martha McCoy's nephews and nieces who were legatees under the 1984 will. They filed a complaint to contest the will on several grounds, including fraud and undue influence. All other heirs and beneficiaries were named as defendants as well as Dr. Like in his capacity as Martha's personal representative. The action was venued to Greene Circuit Court pursuant to a Trial Rule 76 motion by the plaintiffs.

After taking Dr. Like's deposition, the plaintiffs filed an amended complaint which was served upon all of the defendants, and added as a defendant Dr. Like as an individual. The amended complaint added several claims to the will contest. In Count I, the original will contest allegations were restated and a claim was made against Dr. Like for his exertion of undue influence and fraud in the will's execution. Count II sought to set aside the land contract because of Dr. Like's undue influence and fraud and to impose a constructive trust. Finally, Count III alleged Dr. Like's failure to act during Martha McCoy's lifetime in her best interests and other alleged acts of misconduct and breaches of his fiduciary duty. The amended complaint requested compensatory and punitive damages against Dr. Like individually.

Dr. Like, as an individual, filed a motion to dismiss regarding all counts of the amended complaint. Subsequently, the remaining defendants, including Dr. Like as the estate's personal representative, filed a motion to dismiss.

■ The trial court dismissed everything in the amended complaint other than the will contest and dismissed Dr. Like as an individual defendant, but failed to indicate its reasons.[1] Thereafter, the plaintiffs filed a motion to reconsider, a second amended complaint, a motion to sever, and a motion to transfer. The court dismissed the second amended complaint and denied the other motions. This appeal followed.

## ISSUES

Because we reverse, the following issues are dispositive of this appeal:

1. Whether the plaintiffs could join Dr. Like as an individual defendant under Trial Rule 20(A).

2. Whether the plaintiffs could join other claims to a will contest suit under Trial Rule 18(A).

## DISCUSSION AND DECISION

■ Before addressing the dispositive issues, we must address Dr. Like's assertion that this appeal is not properly before us. Dr. Like claims that the trial court's dismissal was not a final judgment since the plaintiffs can file all of the dismissed

---

1. Although the trial court rendered a general judgment without specifying any reasons for dismissal, the trial court apparently construed Ind.Code § 29–1–13–10 as permitting only the personal representative to pursue claims for conversion and believed that the plaintiffs lacked standing. However, Ind.Code § 29–1–13–10 states that the personal representative "or any other person interested in the estate" may file a petition. The definition of "interested persons" in Ind.Code § 29–1–1–3 includes heirs or devisees. Since the plaintiffs in this case were beneficiaries, the trial court clearly erred by determining they had no standing under I.C. 29–1–13–10.

claims in the Knox Circuit Court. Dr. Like further argues that the plaintiffs failed to certify this as an interlocutory appeal. Regardless of Dr. Like's contentions, we are not deprived of appellate jurisdiction. Indiana Rules of Procedure, Appellate Rule 4(E) provides:

> "(E) Dismissal of Appeals. No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

We have declined to dismiss improperly brought appeals and retained appellate jurisdiction under A.R. 4(E) in cases of significant public interest and where the same issue would be raised in a new appeal, *Highland Realty, Inc. v. Indianapolis Airport Authority* (1979), 182 Ind.App. 439, 395 N.E.2d 1259, and have exercised the authority granted by A.R. 4(E) to consider appeals from non-final orders. *Huff v. House* (1983), Ind.App., 452 N.E.2d 1015 (Conover, J., dissenting); *Krueger v. Bailey* (1980), Ind.App., 406 N.E.2d 665. We view this as a proper case for the exercise of our discretionary authority under A.R. 4(E).

We also must set forth our standard of review for the granting of a motion to dismiss. Motions to dismiss are not favored in the law. *Sacks v. American Fletcher National Bank and Trust Co.* (1972), 258 Ind. 189, 195, 279 N.E.2d 807, 812. When a trial court faces such a motion, all the complaint's allegations are taken as true, and all reasonable inferences are drawn in favor of the plaintiff's claim for relief. *Pruden v. Trabits* (1977), 175 Ind.App. 219, 223, 370 N.E.2d 959, 962; *VanBronckhorst v. Taube* (1976), 168 Ind. App. 132, 133, 341 N.E.2d 791, 792, *trans. denied.* On review, we must determine whether the evidence most favorable to the plaintiff sustains the material elements of the plaintiff's complaint. *Sanson v. Sanson* (1984), Ind.App., 466 N.E.2d 770, 771.

*Issue One*

The resolution of this case revolves upon the application of Indiana Rules of Procedure, Trial Rules 18(A) and 20(A). Trial Rule 20(A) provides in pertinent part as follows:

> "(A) Permissive Joinder.

> "(1) All persons may join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

> "(2) All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

> "A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Unwilling plaintiffs who could join under this rule may be joined by a plaintiff as defendants, and the defendant may make any persons who could be joined under this rule parties by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties."

The purpose of T.R. 20(A) is to promote trial convenience, expedite claims, and avoid multiple lawsuits. 2 W. Harvey, *Indiana Practice* 251 (2d ed. 1987); 7 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 1652 (2d ed. 1986) [hereinafter referred to as Wright and Miller].

"Subdivision (a) simply establishes a procedure under which the demands of several parties arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of evidence relating to facts common to more than one demand for relief would entail." Wright and Miller, at § 1652. To accomplish these ends, Indiana courts give T.R. 20(A) the broadest possible reading. *Alumax Extrusions, Inc. v. Evans Transportation Co.* (1984), Ind.App., 461 N.E.2d 1165, 1168. "This is especially true in light of Trial Rules 20(B) and 42(B) which allow for separate trials once all parties and claims have been joined, thereby protecting joined parties from confusion and prejudice." *Id.* The determination of whether joinder should be granted rests within the trial court's discretion. We will reverse only for an abuse of that discretion. *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 518, 356 N.E.2d 207, 210; *Alumax,* at 1168–69.

To join defendants under T.R. 20(A), three requisites must be met. First, a right of relief must be asserted against the defendants jointly, severally, or in the alternative. In the present case, we view the plaintiffs' complaint as asserting joint liability against Dr. Like in his individual capacity and his wife, Georgialee, for their execution of the land contract with Martha McCoy. Also, the complaint alleged several liability against Dr. Like as an individual for fraud and undue influence, among other things. Therefore, the first test is met for joinder.

The second and most important requirement is that the claims arose out of the same transaction, occurrence, or series of transactions or occurrences. T.R. 20(A); *Alumax,* at 1168. Indiana courts have applied the logical relationship test in determining whether the causes of action arose out of the same transaction or occurrence. *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 643, *trans. denied.* This is the same test used for Trial Rule 13(A). "For purposes of that rule, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Wright and Miller, at § 1653. Moreover, " ' "[t]ransaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon their connection as upon their logical relationship.' " *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 588, 364 N.E.2d 1024, 1035 (*quoting, Moore v. New York Cotton Exchange* (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757), *trans. denied.*

In the case under consideration, the logical relationship test is satisfied. As stated earlier, since this case involves a motion to dismiss, all of the complaint's allegations along with all reasonable inferences are taken as true. *Pruden, supra.* From the plaintiffs' amended complaint, it reasonably can be inferred that the execution of Martha McCoy's will in 1984, the execution of the land contract between Martha as seller and Dr. Like and his wife as buyers, and Dr. Like's actions as Martha's agent were logically related events which were but parts of a larger scheme to defraud Martha McCoy and her heirs and beneficiaries. On November 17, 1983, Martha McCoy executed a power of attorney appointing Dr. Like as her agent. On that same day, Martha executed a conditional sale of real property. The terms of the agreement were that Dr. Like and his wife, Georgialee, would purchase over 120 acres for $1,500 per acre. A few weeks later, the parties entered into an addendum to the land contract, thereby reducing the purchase price by over one-third. The amended complaint alleges that Dr. Like directed his attorney to prepare the land contract and addendum for a price less than fair market value. Dr. Like took both documents to Martha McCoy for her signature when Martha was in a weakened physical and mental state.

On February 16, 1984, three months after executing the power of attorney, Martha McCoy executed a will. The amended complaint alleges that Dr. Like directed his attorney to prepare the document which would change the dispositive provisions of

a will previously executed by Martha in 1976 by increasing the proportionate shares to be received by his wife and her two sisters. Dr. Like's attorney never consulted Martha to determine her wishes for testamentary disposition. The amended complaint alleges that when Martha signed the will, she was in a weakened physical and mental condition, just having been released from the hospital to go to a nursing home. The amended complaint states that the will's execution was permeated by fraud, duress, and undue influence, as well as Martha being of unsound mind. Dr. Like retained exclusive possession of all of these documents until Martha's death in July of 1985. The amended complaint also included allegations that Dr. Like converted Martha's money to his own use, failed to make any payments upon the land contract, and generally failed to act in Martha's best interests. Taking all of the allegations as true, they evince a series of transactions or occurrences designed to defraud Martha McCoy and her heirs and beneficiaries. In fact, it is difficult to distinguish Dr. Like's actions as the personal representative from those in his individual capacity. There plainly is a logical relationship between all of the transactions. Thus, the second test for permissive joinder under T.R. 20(A) is satisfied.

The third and final requirement for T.R. 20(A) joinder is that there are common questions of law or fact. Wright and Miller states, "Rule 20(A) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." Wright and Miller, at § 1653. Here, some of the common questions are whether Martha McCoy was under undue influence when she executed the power of attorney, land contract, and will, and whether she was of sound mind when she executed those documents. Thus, the final requisite for T.R. 20(A) joinder of Dr. Like as an individual is satisfied. Before we may determine whether the trial court erred in dismissing the portions of the amended complaint other than the will contest, however, we must determine whether joinder of claims was appropriate.

*Issue Two*

█ Joinder of claims is governed by Ind.Rules of Procedure, Trial Rule 18(A). That rule provides as follows:

"(A) Joinder of Claims. A party asserting a claim for relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, whether legal, equitable, or statutory as he has against an opposing party."

The defendants argue that a will contest [2] is not subject to the rules of joinder of claims. They rely upon very old cases. In *Summers v. Copeland* (1890), 125 Ind. 466, 25 N.E. 555, our supreme court held that a will contest could not be joined with any other cause of action. The court opined as follows:

"It being a special proceeding ... of the statutes, the general statute as to the joinder of causes of actions, and a demurrer for misjoinder of the same, and providing for causing the actions improperly joined to be separately docketed, does not apply to the extent of making it error to strike out of a complaint to contest a will surplus matter, even though it might state a cause of action for some other purpose, as contended by counsel for appellant. The theory and purpose of the complaint being to contest a will on the grounds of the unsoundness of mind of the testator, and on account of it having been unduly executed, the pleader will be held to that theory, and if he includes in his complaint averments wholly unnecessary for such purpose, he will not be entitled to a reversal of the judgment, because the court, on motion, struck out such unnecessary averments. There was no error in the ruling of the court in sustaining the motion to strike out parts of the complaint."

*Id.* at 469, 25 N.E. at 555–56. This holding was affirmed in *Clearspring Township v. Blough* (1909), 173 Ind. 15, 88 N.E. 511,

**2.** Will contests are governed by Ind.Code Section 29–1–7–17 et seq.

*reh. denied,* 173 Ind. 30, 89 N.E. 369. *Summers* is cited for the proposition that joinder of claims is improper for will contests in 29 I.L.E. *Wills* § 133 (1960) and 2A J. Grimes, *Henry's Probate Law and Practice of Indiana* 761 (7th ed. 1979). However, *Summers* is predicated upon the civil code predating our current Trial Rules which were enacted into law on January 1, 1970. Ind.Code section 34–5–1–1 et seq. Trial Rule 18(A) speaks in very broad terms; it does not delineate any exceptions. "An era of past Indiana procedural law will be wiped out by this rule which permits unlimited joinder of claims...." 2 W. Harvey, *Indiana Practice* 185 (2d ed. 1987), quoting from the Civil Code Study Commission Comments. *See also* 6 C. Wright and A. Miller *Federal Practice and Procedure* § 1582 (1971) (no restriction on claims that may be joined under federal counterpart to T.R. 18(A)). Furthermore, "[i]f the action involves multiple parties, joinder is also freely permitted, subject to the restrictions contained in Rule 19, 20, and 22, relating to necessary and permissive joinder and interpleader." Harvey, at 190. Thus, once a person is properly made a party, joinder of claims is unfettered. Wright and Miller, at § 1585.

In the present case, Dr. Like as an individual was properly joined as a defendant under T.R. 20(A), thus enabling the plaintiffs to assert against him any and all claims they have under T.R. 18(A) as a matter of right. The holding of *Summers* clearly is no longer applicable under our present, liberal joinder provisions. Therefore, since joinder of Dr. Like in his individual capacity was proper, the trial court erred when it dismissed Dr. Like as an individual defendant and the portions of the amended complaint dealing with claims other than the will contest. If all of the plaintiffs' allegations as set forth in their amended complaint are taken as true, the plaintiffs certainly are entitled to the relief they seek.

It must be noted that T.R. 18(A) joinder is an initial matter. For trial convenience or to avoid confusion or prejudice, the trial court has broad discretion in deciding whether certain claims which have been joined with other claims should be tried together or severed into separate trials. Ind.Rules of Procedure, Trial Rule 42(B); [3] *see also Kruse, Kruse, and Miklosko, Inc. v. Beedy* (1976), 170 Ind.App. 373, 421–22, 353 N.E.2d 514, 543, *trans. denied;* Harvey, at 189–90. Wright and Miller explain as follows:

> "[T]he draftsmen of the federal rules intended Rule 18(a) to deal only with questions of joinder of claims at the pleading stage and not to matters of trial convenience.... [T]he court actually has no discretion to determine what claims a party may or may not join in his pleading. As a practical matter, however, Rule 18(a) must be read in conjunction with the practice under Rule 42(b), which gives the court extensive discretionary power to order separate trials of claims or issues. Whenever the court determines that this type of treatment will be conducive to the expeditious handling of the action, will promote judicial economy, or will avoid prejudice to the litigants, it may order a properly joined claim or claims to be tried separately. Thus, although Rule 18(a) gives a pleader the right to join as many claims as he may have against an opponent, it does not guarantee that he will have all of them adjudicated in a single trial."

Wright and Miller, at § 1586. Thus, in the present case, the trial court can exercise its discretion in deciding whether to sever the will contest action from any of the other issues under T.R. 42(B).

Even if joinder were not proper under T.R. 20(A), a motion to dismiss was not the proper remedy. Indiana Rules of Procedure, Trial Rule 21(A) states, "Misjoinder of parties is not ground for dismissal of an

---

**3.** Trial Rule 42(B) provides:

"(B) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury."

action." In the present case, the defendants, if they felt joinder of Dr. Like as an individual defendant was improper, should have moved to drop him as an improperly joined party. *Celanese Corp. v. Vandalia Warehouse Corp.* (7th Cir.1970), 424 F.2d 1176, 1179. If they had done so, the trial court then would have had discretion in deciding whether to drop Dr. Like. *Intercon Research Assoc., Ltd. v. Dresser Industries, Inc.* (7th Cir.1982), 696 F.2d 53, 56. Alternatively, the defendants could have moved to sever under T.R. 21(A) which provides, "Any claim against a party may be severed and proceeded with separately." This decision also is vested within the trial court's discretion. Wright and Miller, at § 1689. While motions to drop or sever were available to the defendants in this case, a motion to dismiss was not. Thus, the trial court erred in granting dismissal.[4]

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

ROBERTSON and STATON, JJ., concur.

---

**4.** Since we have held that joinder of Dr. Like as an individual defendant and joinder of the other claims with the will contest action was proper, there is no question that venue in Greene Circuit Court was correct. The will contest originally was filed in Knox Circuit Court. The action thus was filed in the county of preferred venue pursuant to Ind.Rules of Procedure, Trial Rule 75. The will contest later was venued to Greene Circuit Court pursuant to Trial Rule 76. Since joinder under Trial Rules 18 and 20 was proper, venue also was proper.